## A11A1716. NDLOVU v. PHAM et al.
(723 SE2d 729)

BLACKWELL, Judge.

In a medical malpractice case, when the plaintiff files her complaint, she also must file an affidavit, in which a competent expert sets out the basis for her allegation of malpractice.[1] See OCGA § 9-11-9.1 (a). If the plaintiff files an expert affidavit that is inadequate for some reason, the defendant can move to dismiss the case, but OCGA § 9-11-9.1 (e) says that dismissal is warranted in

---

[1] More specifically, the affidavit must "set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1 (a).

such a case only if the motion identifies "with specificity" the respects in which the affidavit is inadequate, and only if the plaintiff fails within 30 days to cure these inadequacies by amendment.[2] The question presented in this case is whether a court properly can dismiss a case for an inadequacy about which the defendant says nothing in his motion to dismiss, but about which the plaintiff otherwise arguably has some notice, or whether OCGA § 9-11-9.1 (e) instead means what it says about the defendant having to identify an inadequacy "with specificity" in his motion. We conclude that OCGA § 9-11-9.1 (e) is clear and unambiguous, and the statute, therefore, means exactly what it says.

Sniobuhle Ndlovu sued Dr. Robert Pham and Dr. Rumm Morag for malpractice, and she filed expert affidavits with her complaint. Dr. Pham and Dr. Morag moved to dismiss the case, arguing, among other things, that the affidavits were inadequate, and the court below eventually granted the motion.[3] The court did not, however, dismiss the case for any inadequacy identified in the motion to dismiss "with specificity." Instead, the court dismissed the case for another perceived inadequacy, one about which the motion to dismiss says nothing. This was error, and we reverse the judgment below and remand for further proceedings consistent with this opinion.

When an appeal is taken from a dismissal under OCGA § 9-11-9.1, our review is de novo, and we view the pleadings in the light most favorable to the plaintiff, resolving any doubts in her favor. *Estate of Shannon v. Ahmed*, 304 Ga. App. 380, 380 (696 SE2d 408) (2010). In this case, Ndlovu sought treatment in the emergency room at Grady Memorial Hospital in April 2006. Ndlovu alleges that Dr. Morag, an emergency room physician, treated Ndlovu in the emergency room, and Dr. Pham, a radiologist, later reviewed x-ray images of her injuries, although apparently only after Ndlovu was discharged from the emergency room. Ndlovu contends that Dr. Pham and Dr. Morag failed to diagnose a fracture of her thoracic spine and that their failure to diagnose amounts to malpractice.

Ndlovu originally sued Dr. Pham and Dr. Morag in Fulton County, and when she filed her complaint there in April 2008, she also filed two affidavits — one with respect to Dr. Pham, the other with respect to Dr. Morag — in which a physician opined that Dr. Pham and Dr. Morag were negligent in their treatment of Ndlovu.

---

[2] Although the plaintiff ordinarily has only 30 days after the filing of the motion to cure any inadequacies identified in the motion, "[t]he trial court may, in the exercise of its discretion, extend the time for filing said amendment . . . as it shall determine justice requires." OCGA § 9-11-9.1 (e).

[3] The court originally denied the motion, but Dr. Pham and Dr. Morag moved the court to reconsider, and it did. On reconsideration, the court granted the motion to dismiss.

These affidavits speak in terms of ordinary negligence, and they say nothing about gross negligence. Dr. Pham and Dr. Morag apparently moved to dismiss the case,[4] but before the Fulton County court ruled on the motion to dismiss, Ndlovu voluntarily dismissed her case without prejudice. She later renewed her case in Cobb County, and when she filed her complaint there in July 2009, she filed the same affidavits she previously had filed in Fulton County.

Once again, Dr. Pham and Dr. Morag moved to dismiss, and they asserted that the case should be dismissed for, among other things, want of an adequate affidavit. The affidavits that Ndlovu filed with her complaint were inadequate, Dr. Pham and Dr. Morag argued in their motion, because the physician who made the affidavits is not competent to offer expert testimony about the treatment at issue, because the affidavits fail to identify a specific act or omission that forms the basis for the claim of malpractice, and because Ndlovu filed only a photocopy of these affidavits, rather than the originals.[5] Dr. Pham and Dr. Morag said nothing in their motion to dismiss about the fact that the affidavits speak in terms of ordinary negligence, rather than gross negligence.

Dr. Pham and Dr. Morag also contended in their motion to dismiss that the statute of limitation had run,[6] and in connection with this contention, they referred to gross negligence. They first acknowledged that Ndlovu filed her original complaint in Fulton County a few days before the statute would have run, and they did not dispute that she filed her renewed complaint in Cobb County within six months of her voluntary dismissal of the Fulton County case. Under OCGA § 9-2-61 (a), of course, "[w]hen any case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced . . . within six months after the discontinuance or dismissal." Nevertheless, Ndlovu could not properly renew her case under OCGA § 9-2-61 (a), Dr. Pham and Dr. Morag argued, because her original complaint in Fulton County was "void." One of the reasons it was "void," they explained, is that Ndlovu failed in her Fulton County complaint "to plead the applicable standard of care," and they referred to OCGA § 51-1-29.5,[7] which requires proof of

---

[4] The motion to dismiss in Fulton County appears nowhere in the record, so we do not know exactly what grounds for dismissal were asserted in that motion.

[5] The originals apparently were filed in the Fulton County case, and Ndlovu filed only a photocopy of these originals in Cobb County.

[6] Besides the alleged inadequacy of the affidavits and the statute of limitation, Dr. Pham and Dr. Morag also moved to dismiss the case for a failure to perfect service upon Dr. Morag and a failure to pay the required filing fees. The court below did not, however, rely upon either of these grounds for dismissal, and they have no relevance to this appeal.

[7] Dr. Pham and Dr. Morag actually cited "OCGA § 51-2-29," but we are willing in this

gross negligence to make out "a health care liability claim arising out of the provision of emergency medical care in a hospital emergency department."[8] Although Dr. Pham and Dr. Morag complained in their motion to dismiss about the failure to plead the proper standard of care in the Fulton County complaint, they said nothing about the failure to mention the proper standard of care in any affidavit.

The motion to dismiss was filed in August 2009, and Ndlovu timely filed a brief in opposition to the motion. In October 2009, Dr. Pham and Dr. Morag filed a reply brief in support of the motion, and in that brief, they argued for the first time that expert affidavits were inadequate because they say nothing of gross negligence, although their argument appears to relate mostly, if not exclusively, to the adequacy of the affidavits filed in the Fulton County case, not those filed in Cobb County. On the same day the reply brief was filed, the court below set a hearing for December 14, 2009 on the motion to dismiss. At that December hearing, the court pointedly asked the lawyer for Ndlovu whether the affidavits say anything about gross negligence, and the lawyer conceded that they do not. On January 4, 2010, Ndlovu filed an amended complaint and a new affidavit, in which a physician opined that Dr. Pham "grossly failed to exercise the degree of care and skill exercised by members of the medical profession under the same or similar circumstances" and that Dr. Morag "grossly breached the standard of care." This new affidavit was filed, of course, within 30 days of the hearing on the motion to dismiss, but more than 30 days after the motion was filed.

The court below initially denied the motion to dismiss, finding that the filing of the amended complaint and the new affidavit in January 2010 cured any failure with respect to pleading gross negligence. The court did not, however, explicitly address the timeliness of the new affidavit in its order denying the motion to dismiss. Dr. Pham and Dr. Morag subsequently moved the court to reconsider its denial of the motion to dismiss, and they argued, among other things, that Ndlovu failed to amend her affidavit within 30 days of

---

case to assume that Ndlovu should have figured out that they meant to cite OCGA § 51-1-29 and the sections that follow it, inasmuch as there is no "OCGA § 51-2-29."

[8] Ndlovu argues on appeal that she is not required to plead or prove gross negligence on the part of Dr. Pham because he is only alleged to have reviewed images of her injuries after she was discharged from the emergency room, and in this respect, she may be right. Although gross negligence is required "[i]n an action involving a health care liability claim arising out of the provision of emergency medical care in a hospital emergency department," OCGA § 51-1-29.5 (c), "emergency medical care" does not include "medical care or treatment that occurs after the patient is stabilized and is capable of receiving medical treatment as a nonemergency patient." OCGA § 51-1-29.5 (a) (5). Nevertheless, we do not decide whether gross negligence is required as to Dr. Pham in this case because, whether it is or not, the dismissal for failure of the affidavits to speak of gross negligence was error in any event.

the filing of their motion to dismiss, as OCGA § 9-11-9.1 (e) requires. Ndlovu responded that Dr. Pham and Dr. Morag "never specifically indicated [in their motion to dismiss] that [her] affidavits were defective because of failure to plead gross negligence." The court below granted the motion for reconsideration, and it dismissed the case, finding that Ndlovu was required to file an expert affidavit averring gross negligence, that she did not do so until January 2010, more than four months after the motion to dismiss was filed, and that her filing of the new affidavit in January 2010 was untimely under OCGA § 9-11-9.1 (e). The court made no explicit findings about whether the motion to dismiss alleged "with specificity" that any affidavits were inadequate because they say nothing about gross negligence. Ndlovu appeals from the dismissal of her case.

Ndlovu contends that the dismissal of her case was error because Dr. Pham and Dr. Morag failed to allege "with specificity" in their motion to dismiss that the affidavits filed with her Cobb County complaint were inadequate because they say nothing of gross negligence, and we agree. When a plaintiff in a medical malpractice case has, in fact, filed an expert affidavit with her complaint, but the affidavit is inadequate in some respect, OCGA § 9-11-9.1 (e) governs the procedure by which the case can be dismissed for want of an adequate affidavit. The statute quite clearly, we think, permits dismissal only when the plaintiff fails to cure an inadequacy within 30 days of the filing of a motion to dismiss that identifies the same inadequacy "with specificity":

> If a plaintiff files an affidavit which is allegedly defective, and the defendant to whom it pertains alleges, with specificity, by motion to dismiss filed on or before the close of discovery, that said affidavit is defective, the plaintiff's complaint shall be subject to dismissal for failure to state a claim, except that the plaintiff may cure the alleged defect by amendment pursuant to Code Section 9-11-15 within 30 days of service of the motion alleging that the affidavit is defective.

OCGA § 9-11-9.1 (e). "When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant," *Clark v. Rush*, 312 Ga. App. 333, 336 (2) (718 SE2d 555) (2011) (citation omitted), so, "[w]hen a statute contains clear and unambiguous language, such language will be given its plain meaning and will be applied accordingly." *Opensided MRI of Atlanta v. Chandler*, 287 Ga. 406, 407 (696 SE2d 640) (2010). See also *Frazier v. Southern R. Co.*, 200 Ga. 590, 593 (2) (37 SE2d 774) (1946) ("[Appellate courts] must frequently construe the language of a

statute, but such courts may not substitute by judicial interpretation language of their own for the clear, unambiguous language of the statute, so as to change the meaning.''). As we already have explained, the motion to dismiss says nothing at all about the failure of any affidavit to aver gross negligence. The inadequacy for which the court below dismissed the case is not one identified ''with specificity'' in the motion to dismiss, and the dismissal of the case, therefore, was error. See *Tucker v. Thomas C. Talley, M.D., P.C.*, 267 Ga. App. 820, 822 (1) (600 SE2d 778) (2004) (''As Talley and LLC did not object with specificity to the Johnson affidavit, they were not entitled to a dismissal for failure to state a claim on account of a failure to comply with OCGA § 9-11-9.1.'').

Dr. Pham and Dr. Morag insist, however, that Ndlovu had plenty of notice that the affidavits filed with her Cobb County complaint were inadequate because the affidavits say nothing of gross negligence, and as proof that Ndlovu had such notice, they point to the motion to dismiss filed in the Fulton County case, as well as the argument in their Cobb County motion that the Fulton County case was ''void'' because it alleged ordinary negligence, not gross negligence. About the Fulton County motion to dismiss, we note that it appears nowhere in the record, so we do not know what it says. And about the argument in the Cobb County motion to dismiss about the Fulton County case having been ''void,'' we note that this argument concerns only the adequacy of the Fulton County *complaint*, not the adequacy of any *affidavits*. Perhaps Ndlovu or her lawyer might have read between the lines of the motion, inferred that an argument about pleading requirements also was meant to pertain to the requirements for an affidavit under OCGA § 9-11-9.1, and figured out, as a result, that Dr. Pham and Dr. Morag, though they never said so, really meant to complain about the failure of affidavits to speak of gross negligence. But even if we were to assume that Ndlovu or her lawyer could have, and should have, figured out what Dr. Pham and Dr. Morag intended to argue, it would not solve a more fundamental problem with the dismissal below, namely that notice of an inadequacy, even if Ndlovu had such notice, is entirely beside the point.

If the General Assembly had intended that mere notice of an inadequacy form a sufficient basis for dismissal, surely it would have said so. It did not. About this, OCGA § 9-11-9.1 (e) is perfectly clear, and it says that dismissal is warranted if the plaintiff fails within 30 days to cure ''the alleged defect,'' meaning the defect that is ''allege[d], with specificity, by motion to dismiss.'' The question, then, is not whether a plaintiff has notice of an inadequacy, but rather, whether the inadequacy is ''allege[d], with specificity, by motion to dismiss.'' OCGA § 9-11-9.1 (e). And to ascertain whether something is ''alleged, with specificity, by motion to dismiss,'' we

need look no further than the motion to dismiss itself.[9]

It was error to dismiss this case for an alleged inadequacy in an affidavit that Dr. Pham and Dr. Morag failed to identify "with specificity" in their motion to dismiss. Accordingly, we reverse the judgment below and remand for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Barnes, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 24, 2012.

*Kimberly F. Bandoh*, for appellant.
*James C. West III, Gailya L. McElroy*, for appellees.

---

[9] For this reason, that Dr. Pham and Dr. Morag specifically argued in their reply brief about the failure of affidavits to speak in terms of gross negligence does not save the dismissal of the case below. Even assuming that this argument relates to the affidavits filed in Cobb County and not just the affidavits filed in Fulton County, an argument advanced in a reply brief is not one made "with specificity, by motion." Most lawyers understand that briefs and motions are different creatures, and we do not think it appropriate to construe the reply brief here — in which Dr. Pham and Dr. Morag ask for no relief other than the grant of the motion to dismiss they previously had filed, and in which they do not even disclose that they are raising a new argument — as a brand new motion to dismiss, the filing of which would have triggered the running of a period of 30 days in which Ndlovu might have cured an inadequacy of her affidavits. To require a lawyer to treat a brief filed in support of a motion as a brand new motion would lead to tremendous inefficiencies, and in any event, would be inconsistent with the statutory requirement that "[a]n application to the court for an order shall be by motion," OCGA § 9-11-7 (b) (1), a requirement that suggests, consistent with the understanding of most lawyers, that motions and other papers filed with a court are different in kind.