**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**December 28, 2020**

# In the Court of Appeals of Georgia

A20A2101. BARBARA CANTRELL et al. v. AU MEDICAL CENTER, INC. et al.

RICKMAN, Judge.

Barbara Cantrell, individually and as Administratrix of the Estate of Kenneth Cantrell, appeals the trial court's order dismissing her complaint against AU Medical Center, Inc., AU Health System, Inc., AU Medical Associates, Inc., and AU Health Professions Associates, Inc. (collectively, AU Medical). Cantrell contends that the trial court erred by granting AU Medical's motion to dismiss because it misread the requirements of OCGA § 9-11-9.1 and OCGA § 24-7-702. For reasons that follow, we reverse.

Cantrell sued AU Medical, among other defendants, for professional negligence and simple negligence, and alleged that AU Medical was directly and

vicariously liable for injuries suffered by Kenneth Cantrell while he was a patient at Augusta University Medical Center. Cantrell alleged that AU Medical was liable for the negligent acts and/or omissions of the nurses, nursing aides, and other staff who were agents and/or employees of AU Medical pursuant to the doctrine of respondeat superior. With her complaint, Cantrell submitted the affidavit of a registered nurse, who opined that the hospital staff, including the nurses and nursing assistants caring for Kenneth Cantrell at Augusta University Medical Center, were professionally negligent in providing or failing to provide care for Mr. Cantrell.

In response, the four AU Medical defendants filed separate answers and a joint motion to dismiss. In the motion to dismiss, filed on September 23, 2019, AU Medical asserted that Cantrell had failed to meet the pleading requirements of OCGA § 9-11-9.1 because the nurse's affidavit was incomplete in that it was missing a page and otherwise failed to set forth with any identifying information or specificity at least one negligent act or omission. AU Medical also asserted that the affidavit was deficient because it failed to name specific healthcare providers, failed to provide specific citations to the medical records at issue, and failed to allege that any of the individual healthcare providers were agents or employees of any of the defendants.

AU Medical sought dismissal of Cantrell's complaint for failure to file an expert affidavit that satisfied the requirements of OCGA § 9-11-9.1 and OCGA § 24-7-702.

Cantrell responded to the motion to dismiss and, on October 15, 2019, filed an amended complaint for the purpose of including the page of the nurse's affidavit that AU Medical claimed was missing.[1] After conducting a hearing in December 2019, the trial court ruled that the nurse's affidavit failed to sufficiently establish her qualifications as required by OCGA § 24-7-702. The trial court also ruled that the nurse's affidavit failed to set forth with sufficient particularity negligent acts or omissions that would support a claim against AU Medical, as required by OCGA § 9-11-9.1. Based on both rulings, the trial court granted AU Medical's motion to dismiss.

1. Cantrell contends that the trial court erred by granting AU Medical's motion to dismiss on a ground not raised with specificity in the motion. At issue is the trial court's ruling that there was no evidence that the nurse was qualified to render opinions against AU Medical, particularly during the relevant time period.

---

[1] We note that the record on appeal contains all pages of the nurse's affidavit, which is attached to Cantrell's original complaint.

3

When a plaintiff in a medical malpractice case has filed an expert affidavit with her complaint, but the affidavit is inadequate in some respect, OCGA § 9-11-9.1 (e) governs the procedure by which the case can be dismissed for want of an adequate affidavit:

> If a plaintiff files an affidavit which is allegedly defective, and the defendant to whom it pertains alleges, with specificity, by motion to dismiss filed on or before the close of discovery, that said affidavit is defective, the plaintiff's complaint shall be subject to dismissal for failure to state a claim, except that the plaintiff may cure the alleged defect by amendment pursuant to Code Section 9-11-15 within 30 days of service of the motion alleging that the affidavit is defective.

"The statute quite clearly, we think, permits dismissal only when the plaintiff fails to cure an inadequacy within 30 days of the filing of a motion to dismiss that identifies the same inadequacy 'with specificity.'" *Ndlovu v. Pham*, 314 Ga. App. 337, 341 (723 SE2d 729) (2012).

Here, the only portion of the motion to dismiss that could be deemed relevant to a challenge to the nurse's qualifications is the statement that Cantrell failed to file an affidavit that met the requirements of OCGA § 9-11-9.1 and OCGA § 24-7-702.[2]

---

[2] OCGA § 24-7-702 sets out the standard for admitting an expert opinion in professional malpractice actions, including licensing, knowledge and experience, and

4

The mere mention of the relevant statutes, without any description of the alleged deficiency, is not sufficient to identify an inadequacy in an expert affidavit "with specificity." See *Tenet Healthcare Corp. v. Gilbert*, 277 Ga. App. 895, 901 (3) (627 SE2d 821) (2006), overruled on other grounds, *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 319 (2), n.2 (765 SE2d 413) (2014) (failure to allege in motion to dismiss that expert was incompetent to testify because he had failed to set forth any expertise in the field of nursing waived issue below and precluded raising argument on appeal). And the fact that AU Medical argued during the motion to dismiss hearing that the expert affidavit was inadequate because the affidavit did not properly set out the nurse's qualifications or experience during the relevant time period did not obviate the requirement that they assert such argument in their motion to dismiss. See *Dove v. Ty Cobb Healthcare Systems*, 316 Ga. App. 7, 11 (2) (729 SE2d 58) (2012); see also *Ndlovu,* 314 Ga. App. at 342-343 ("[T]o ascertain whether something is alleged, with specificity, by motion to dismiss, we need look no further than the

active practice or teaching requirements for such experts, which must be met at the time the act or omission is alleged to have occurred. And "[a]n affiant shall meet the requirements of this Code section in order to be deemed qualified to testify as an expert by means of the affidavit required under Code Section 9-11-9.1." OCGA § 24-7-702 (e).

5

motion to dismiss itself.") (punctuation omitted).[3] Because AU Medical's motion to dismiss did not allege, with specificity, that the nurse was not qualified to give the expert affidavit attached to Cantrell's complaint, the trial court erred in granting AU Medical's motion to dismiss on that basis. See *Ndlovu*, 314 Ga. App. at 342.

2. Cantrell contends that the trial court erred in granting AU Medical's motion to dismiss based on the alleged failure of the nurse's affidavit to sufficiently identify "one negligent act or omission" as required by OCGA § 9-11-9.1 (a).[4] She argues that the nurse's affidavit sets out the negligent omissions that support the professional malpractice claims against AU Medical.

"OCGA § 9-11-9.1 imposes a pleading requirement, not an evidentiary requirement." *Graham v. Reynolds*, 343 Ga. App. 274, 280 (3) (807 SE2d 39) (2017).

---

[3] We note that, after the hearing, Cantrell filed amended complaints that included a copy of the nurse's curriculum vitae, which had not been attached to the original complaint despite a statement in the nurse's affidavit that her curriculum vitae was attached for reference. But the amended complaints were not considered because the trial court stated during the hearing that it would only consider "what is of record as of today."

[4] "In any action for damages alleging professional malpractice . . . against a licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of Georgia . . . , the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1 (a).

6

And "[b]ecause OCGA § 9-11-9.1 constitutes an exception to the general liberality of pleading allowed under the Civil Practice Act, it is to be construed in a manner consistent with the liberality of the Act so long as such a construction does not detract from the purpose of OCGA § 9-11-9.1, which is to reduce the filing of frivolous malpractice suits." (Citation and punctuation omitted.) *Gala v. Fisher*, 296 Ga. 870, 875 (770 SE2d 879) (2015). Accordingly, "[p]laintiffs are given a wide berth to conform to the statutory requirements, and in ruling on a motion to dismiss based on an allegedly defective affidavit, a court should construe the affidavit most favorably to the plaintiff and all doubts should be resolved in the plaintiff's favor, even if an unfavorable construction of the affidavit may be possible." (Citations and punctuation omitted.) *Graham*, 343 Ga. App. at 280 (3). We review de novo the trial court's ruling on whether the nurse's affidavit met the OCGA § 9-11-9.1 pleading requirements. See id.

To comply with OCGA § 9-11-9.1, an expert affidavit must include at least one specific negligent act or omission giving rise to a malpractice claim and the factual basis for such claim. In its motion to dismiss, AU Medical argued that the nurse's affidavit did not meet this requirement because it failed to name specific healthcare providers, failed to allege that any of the individual healthcare providers were agents

7

or employees of any of the defendants, failed to allege how the defendants were negligent, and failed to provide specific citations to the medical records at issue.

The nurse was not required to specifically name in her affidavit each medical professional-employee whose acts or omissions form a basis for Cantrell's claim of vicarious liability against AU Medical; the nurse's reference to the nursing staff at Augusta University Medical Center d/b/a August University Health, which she stated "includ[ed] any and all agents, employees, and nurses or persons working at that facility who provided care or had an obligation or duty to provide care for Mr. Cantrell including any and all agents, employees, and nurses of [AU Medical]," was sufficient to link any alleged malpractice to AU Medical at this stage of the proceedings. See *Howard v. City of Columbus*, 219 Ga. App. 569, 574-575 (3) (a), (c) (466 SE2d 51) (1995) (physical precedent only) (expert's general identification of defendants as "jail clinic departmental personnel and staff" sufficient to satisfy pleading requirements of OCGA § 9-11-9.1; no requirement that affidavit make specific reference to particular defendant so long as it links alleged malpractice to defendants).[5] Although it is possible that the discovery process will dispel liability on

---

[5] We also note that AU Medical's counsel conceded at oral argument before this Court that Cantrell was not required to provide names of individual nurses at the motion to dismiss stage.

the part of some or all of the defendants, the "purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling [her] to recover and capable of withstanding a motion for summary judgment before the defendant need file [its] answer." *0-1 Doctors Mem. Holding Co. v. Moore*, 190 Ga. App. 286, 287 (1) (378 SE2d 708) (1989).

In her affidavit, the nurse stated her opinion, based on a reasonable degree of nursing certainty, that the hospital staff, including the nurses and nursing assistants, acted or failed to act in manners below the applicable standard of nursing care and treatment while caring for Mr. Cantrell at Augusta University Medical Center. The nurse further opined in her affidavit that:

> The nursing staff at Augusta University Health failed to adequately and appropriately care and treat Mr. Cantrell's pressure sore to his sacrum. It is very clear in the medical chart from Augusta University Health that Mr. Cantrell's sacral was reddened and a Stage 1 upon admission to the hospital. A Stage 1 pressure sore is not open (skin is intact), is reddened, non-blanchable and located in an area on the body that is subjected to pressure. This very minor Stage 1 pressure ulcer progressed to an unstageable pressure ulcer with necrotic (dead) tissue. This wound progression was from 12/4/16 until 12/9/16 while Mr. Cantrell was at Augusta University. When a pressure sore is a Stage 1, it is much easier

9

to heal as opposed to a Stage 3 or Stage 4 pressure sore. When an area is reddened, we are trained as nurses and nursing assistants that the pressure sore has the potential to worsen if appropriate pressure relief is not put in place. This would require for Mr. Cantrell to be turned and repositioned every 2 hours as is required by the standard of nursing care. This was not done by the nursing staff at Augusta University. There was some documentation that the staff was aware that Mr. Cantrell needed to be turned and repositioned every two hours, but this was not done timely and in a consistent manner. Pressure sores are caused from unrelieved pressure. The nursing staff at Augusta University Health knew or should have known that by failing to turn and reposition Mr. Cantrell every two hours to provide pressure relief to his sacrum, the sacral pressure sore could worsen and it did. The skin damage that Mr. Cantrell experienced at Augusta University Health is indicative of further tissue damage which is caused from unrelieved pressure.

The nurse's affidavit also includes a medical chronology, based on her review of hospital records, with citations to medical records by date and, in most instances, specific page numbers for entries related to Mr. Cantrell's December 4, 2016 to December 9, 2016 hospital stay.

Construed most favorably to Cantrell with all doubts resolved in her favor, the nurse's expert affidavit sufficiently sets forth at least one negligent omission by AU Medical during Mr. Cantrell's December 4, 2016 to December 9, 2016 hospital stay

10

– the failure to turn and reposition Mr. Cantrell every two hours to provide pressure relief to the pressure sore on his sacrum as required by the applicable standard of nursing care. See *Porquez v. Washington*, 268 Ga. 649, 650 (1) (492 SE2d 665) (1997) (expert affidavit set forth at least one factually-based act of negligence by stating that defendants failed to properly monitor the use of an emergency medical device); see also *Vitner v. Miller*, 223 Ga. App. 692, 693 (2) (479 SE2d 1) (1996) (affidavit stating that doctor's failure to complete two suction abortions constituted negligence was sufficient to satisfy the pleading requirement of OCGA § 9-11-9.1); *Crook v. Funk*, 214 Ga. App. 213, 214 (1) (447 SE2d 60) (1994) (affidavit sufficient where it alleged that agents and employees of medical center were negligent in allowing the treadmill test to be performed on patient when it was contraindicated and in not responding timely to patient's distress after she underwent the test); cf. *Ziglar v. St. Joseph's/Candler Health System*, 341 Ga. App. 371, 373 (800 SE2d 395) (2017) (affidavit insufficient because it recites only generally that the nurses and staff at the hospital failed to appropriately treat, assess, and advocate for patient and does not contain any specific instances of any of those alleged failures); *Edwards v. Vanstrom*, 206 Ga. App. 21, 22 (1) (424 SE2d 326) (1992) (expert affidavit fatally defective where it merely stated that the defendants did not follow the procedures expected of

a licensed dentist and did not state specifically a negligent act or omission). As to the factual basis for the alleged act of negligence, because the gist of the alleged tort was omission, the failure to find affirmative evidence in the medical records that Mr. Cantrell had been turned and repositioned every two hours provided sufficient factual support for the alleged negligent act. See *Allen v. Belinfante*, 217 Ga. App. 754, 755 (1) (458 SE2d 867) (1995).

Cantrell has met the pleading requirements of OCGA § 9-11-9.1 (a). She is not required to submit an expert affidavit that unequivocally demonstrates the evidentiary merits of her claims unless and until AU Medical moves for summary judgment and submits evidence demonstrating that Cantrell's claims lack merit. See *Bowen v. Adams*, 203 Ga. App. 123, 124 (416 SE2d 102) (1992). Accordingly, the trial court erred in granting AU Medical's motion to dismiss based on the claimed pleading deficiencies in the nurse's affidavit. See id.

*Judgment reversed. Dillard, P. J., and Brown, J., concur*.