[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 22, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11059

_____

D. C. Docket No. 08-01573-CV-5-IPJ

SAN FRANCISCO RESIDENCE CLUB, INC.,
TAK TECH POINT, LLC,
KKA CAS, LLC,

Plaintiffs-Appellees,

versus

7027 OLD MADISON PIKE, LLC,
SCOTT J. MCDERMOTT,
HIGHLAND MANAGEMENT COMPANY, LLC,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

Before CARNES and PRYOR, Circuit Judges, and DOWD,[*] District Judge.

PRYOR, Circuit Judge:

The issue presented is whether this appeal of an order to disburse funds voluntarily deposited in a court registry is moot because the funds have already been disbursed to a nonparty in accordance with that order. San Francisco Residence Club filed a complaint against 7027 Old Madison Pike, with whom it was a tenant in common, as well as Scott McDermott, the manager of the tenancy-in-common, and sought declaratory relief regarding ownership rights in the property owned by the tenancy-in-common as well as permanent injunctive relief against McDermott and 7027 Old Madison Pike. 7027 Old Madison Pike voluntarily deposited funds in the court registry, and San Francisco Residence Club withdrew its motion for a preliminary injunction. The district court ordered the funds be disbursed to a nonparty, Triad Properties, a judgment debtor of San Francisco Residence Club on a promissory note for which 7027 Old Madison Pike was jointly and severally liable. After the funds were disbursed to Triad Properties, 7027 Old Madison Pike moved to vacate or modify the order of disbursal, and the district court denied that motion. Because "[n]o action by this court could change what has been done," Newman v. Alabama, 683 F.2d 1312,

[*] Honorable David D. Dowd Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

1317 (11th Cir. 1982), we dismiss the appeal as moot. We also deny the motion filed by 7027 Old Madison Pike to amend the motion to alter or amend that it filed in the district court.

## I. BACKGROUND

The parties are tenants in common of real property and a building with commercial tenants that generates substantial revenue. San Francisco Residence Club is the majority owner in the property under a statutory warranty deed filed on November 30, 2007. 7027 Old Madison Pike is a minority owner in the property. The property owners hold title as tenants in common under the 7027 Old Madison Pike Tenants-In-Common Agreement.

McDermott is the managing member of 7027 Old Madison Pike, was named as the initial manager of the tenancy-in-common, and was the de facto property manager. The Tenants-In-Common Agreement made clear that McDermott's role as manager was subject to the possibility of termination "upon sixty (60) days written notice with good cause," which could be effected by a "majority interest of the tenants in common." McDermott was terminated as manager by timely written notice, but refused to accept termination or turn over property-related books. McDermott distributed property-related funds to a management company, Highlands Management, LLC, three days after his effective termination, and

3

collected three months rent from the property and deposited it into the bank account of 7027 Old Madison Pike.

On May 23, 2008, the property was refinanced through a promissory note and mortgage for 8.9 million dollars by The National Integrity Life Insurance Company. The refinancing allowed the tenancy-in-common to satisfy many of its debts, but at least one obligation remained unsatisfied. The tenancy-in-common owed a real estate commission to Triad Properties Corporation, which had placed the largest tenant in the development. The commission was secured by a promissory note in the amount of $484,772. The note held the makers, including San Francisco Residence Club, McDermott, and 7027 Old Madison Pike, jointly and severally liable, and obligated them to pay the note by March 1, 2008, or upon refinancing of the property, whichever came first. The note was not paid.

On August 1, 2008, Triad sued San Francisco Residence Club for failure to pay the note. Triad obtained a judgment on the note in the amount of $383,429.74 plus interest, costs, and fees. Triad was also the real estate agent who originally introduced the tenants in common to two paired properties: 100 Quality Circle, a single tenant property, and 7027 Old Madison Pike, a multi-tenant property. 7027 Old Madison Pike alleges that Triad made misrepresentations in the initial agreements in which the tenancy-in-common bought and financed the two

4

properties and that these misrepresentations cost the tenancy-in-common a substantial amount. 7027 Old Madison Pike alleges that Triad owes the tenancy-in-common "a very substantial sum" in spite of the "monies allegedly owed to Triad under the Triad note, which is the basis for the judgment [against San Francisco Residence Club]." Despite this contention, 7027 Old Madison Pike did not move to intervene in the action instituted by Triad against San Francisco Residence Club to collect payment on the note for which the tenants in common were jointly and severally liable.

On August 29, 2008, San Francisco Residence Club filed a complaint against 7027 Old Madison Pike and McDermott. San Francisco Residence Club requested a declaration of ownership rights in the property owned by the tenancy-in-common and permanent injunctive relief against McDermott and 7027 Old Madison Pike. The complaint alleged that McDermott and 7027 Old Madison Pike were holding revenues generated from the property in the bank account of 7027 Old Madison Pike, refusing to account for the revenues adequately, failing to pay creditors, and attempting to dilute the interest of San Francisco Residence Club in the property. The complaint also alleged that McDermott had refused to step down as manager despite being terminated and refused to turn over books and records related to the property.

San Francisco Residence Club moved for a preliminary injunction, and a hearing was scheduled for September 10, 2008. At the hearing, San Francisco Residence Club withdrew its motion, and McDermott and 7027 Old Madison Pike agreed to pay a total of $350,000 of property-related funds into the court registry. The $350,000 was to be deposited in two installments: one for $200,000 and a later one for $150,000. This agreement was memorialized by order of the district court.

On October 3, 2008, San Francisco Residence Club amended its complaint to add Highlands Management Company, LLC, as an additional defendant, and requested that the funds deposited in the court registry be distributed to satisfy third-party creditors of the property including Triad. McDermott moved to compel mandatory arbitration and to dismiss or stay the action. 7027 Old Madison Pike later did the same. McDermott requested that the second payment of $150,000 be returned to 7027 Old Madison Pike and not deposited in the court registry because the pending arbitration motion would "end, or suspend the obligations undertaken to make deposit of funds into this Court, as promised at the hearing on September 10." San Francisco Residence Club moved for injunctive relief to prohibit McDermott and Highlands Management from communicating with the tenants of the property or otherwise interfering with management by San Francisco Residence Club. San Francisco Residence Club also opposed the motions to compel

arbitration and to stay or dismiss the action.

On November 6, 2008, the district court granted the motion to compel arbitration and administratively closed the action "subject to reopening should any issues remain in the case upon conclusion of . . . arbitration." The district court "specifically retain[ed] jurisdiction for the purpose of disbursal of funds now in the court registry in accordance with any arbitration order." Neither party appealed this order.

On December 19, 2008, San Francisco Residence Club moved to condemn the funds held in the court registry and requested the funds be disbursed to Triad. On December 22, 2008, and before 7027 Old Madison Pike or McDermott had filed a response, the court granted the motion and ordered that $350,000 plus interest earned less administrative fees be paid to Triad. On December 29, 2008, McDermott, 7027 Old Madison Pike, and Highlands Management filed a motion to alter, amend, or vacate the order condemning the funds. They argued that "[t]he Court's ruling on December 22 is due to be set aside[]" and requested that the district court "direct return of any money paid from the clerk to the registry of this court pending completion of the arbitration proceedings." San Francisco Residence Club responded, and the district court denied the motion. 7027 Old Madison Pike appealed.

## II.  STANDARD OF REVIEW

Whether we have jurisdiction is a question of law, which we review <u>de novo</u>. <u>Employers Ins. of Wausau v. Bright Metal Specialties, Inc.</u>, 251 F.3d 1316, 1321 (11th Cir. 2001).

## III.  DISCUSSION

When "[n]o action by this court could change what has been done," an appeal is moot.  <u>Newman</u>, 683 F.2d at 1317.  "'[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.'"  <u>Id.</u> (quoting <u>North Carolina v. Rice</u>, 404 U.S. 244, 246, 92 S. Ct. 402, 404 (1971)).  We have repeatedly held that absent a stay, a party's appeal may become moot:

> "'[I]n the absence of a stay, action of a character which cannot be reversed by the court of appeals may be taken in reliance on the lower court's decree.  As a result, the court of appeals may become powerless to grant the relief requested by the appellant. Under such circumstances the appeal will be dismissed as moot.'"

<u>Bekier v. Bekier</u>, 248 F.3d 1051, 1055 (11th Cir. 2001) (quoting <u>In re Sewanee Land, Coal & Cattle, Inc.</u>, 735 F.2d 1294, 1295 (11th Cir. 1984) (quoting <u>Am. Grain Ass'n v. Lee-Vac, Ltd.</u>, 630 F.2d 245, 247 (5th Cir. 1980))).

The district court granted the motion to condemn the funds in the court registry and "directed" the clerk "to draw . . . funds on deposit in the Registry of

the Court . . . payable to Triad Properties Corporation." The clerk has "fully complied with [the] order," and "[t]he . . . order was not a continuing injunction; it merely required [the clerk] to perform [a] certain discrete act[]." Newman, 683 F.2d at 1317. The funds in the court registry have been paid to a third-party judgment creditor by the clerk. The discrete act already completed by the clerk cannot be undone.

"[A] party appealing [an] order will not be heard to affect the rights of a third party who, pursuant to the order, acquired, in good faith, an [interest in] property." Am. Grain, 630 F.2d at 248. "This rule does not, of course, bar appeal where the appellant seeks relief vis-a-vis the [appellee] rather than the third party." Id. "Where, as here, the only relief sought would cancel rights granted a third party pursuant to the . . . court's order, the appeal becomes moot because the court of appeals is powerless to grant such relief." Id. Triad is a third party over which the district court has no jurisdiction, so the district court does not have the authority to order Triad to return the money that has been disbursed.

7027 Old Madison Pike argues that "there is no reason that the district court cannot order Triad [Properties] or [San Francisco Residence Club] to restore the funds wrongfully disbursed." San Francisco Residence Club responds that 7027 Old Madison Pike must "assert any and all related claims for relief directly against

9

Triad Properties and/or [San Francisco Residence Club]." We agree with San Francisco Residence Club.

If 7027 Old Madison Pike wants to recover from San Francisco Residence Club the amount of funds that had been deposited in the court registry, 7027 Old Madison Pike must request that relief first in the district court, which retains jurisdiction over the ongoing dispute between these parties. 7027 Old Madison Pike has not done so. 7027 Old Madison Pike "urge[d] th[e district] [c]ourt to set aside and vacate its December 22 order, and direct return of any money paid from the clerk to the registry of th[e] court," but did not request that San Francisco Residence Club be ordered to reimburse the funds disbursed from the court registry. Because 7027 Old Madison Pike did not ask the district court to require San Francisco Residence Club to deposit $351,243.84 into the court registry to reimburse the funds disbursed to Triad, we will not entertain that request for relief for the first time on appeal. "Before this court will consider alleged error at the trial level, the trial judge must first have the opportunity to pass upon the issue." Wis. Barge Line, Inc v. Coastal Marine Transp., Inc., 414 F.2d 872, 876 (5th Cir. 1969).

After oral argument, 7027 Old Madison Pike moved this Court to "amend" the motion it had filed in the district court to alter or vacate the order to disburse

10

the funds to Triad. 7027 Old Madison Pike alleges that its motion to amend is meant to cure defective allegations of jurisdiction in its earlier motion to alter or vacate. See 28 U.S.C. § 1653. 7027 Old Madison Pike moves to amend its earlier motion by adding the following italicized language:

> Defendants urge this Court to set aside and vacate its December 22 order, and direct return of any money paid from the clerk to the registry of this court, pending completion of the arbitration proceedings, *and Defendant/Appellant 7027 Old Madison Pike, LLC further urges this Court to direct that [San Francisco Residence Club] return any money so paid*.

We deny this motion.

Section 1653 does not allow the amendment 7027 Old Madison Pike requests. Section 1653 allows amendment of "[d]efective allegations of jurisdiction," id., but the motion to alter or vacate filed in the district court that 7027 Old Madison Pike wants to amend does not contain an "allegation of jurisdiction" to amend. Moreover, section 1653 permits amendment only to correct "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 824, 831, 109 S. Ct. 2218, 2222 (1989); see also Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Fla., 827 F.2d 1454, 1457 n.4 (11th Cir. 1987). 7027 Old Madison Pike instead attempts to create jurisdiction by moving this Court to amend the request for relief in a motion the district court

11

already has denied.

7027 Old Madison Pike cannot revise history and change the nature of the relief it requested in the district court by "amendment." "Except to the limited extent of permitting defective jurisdictional allegations to be amended pursuant to 28 U.S.C. § 1653, we cannot consider a 'new issue, not raised by the pleadings in the District Court or considered by it,' whether raised by motion to amend a complaint or otherwise." First Nat'l Bank of Cincinnati v. Pepper, 454 F.2d 626, 636 (2d Cir. 1972) (quoting Walker v. Felmont Oil Corp., 262 F.2d 163, 165 (6th Cir. 1958)). Because "the trial judge must first have the opportunity to pass upon" the relief requested by 7027 Old Madison Pike, it cannot amend its motion to encompass relief never requested in the district court. Coastal Marine, 414 F.2d at 876.

## IV. CONCLUSION

We **DISMISS** the appeal as moot, and we **DENY** the motion to amend filed by 7027 Old Madison Pike.