**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50474 |
| Plaintiff - Appellee, | D.C. No. 8:09-cr-00178-SVW |
| v. | |
| JULIUS KABUKURU, a.k.a. Julius Ngabirano Kabukuru, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Julius Kabukuru appeals from the 48-month sentence imposed following his

guilty-plea conviction for encouraging aliens to enter or reside in the United States

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

illegally, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Kabukuru contends that the district court committed procedural error because it failed to review, consider, calculate, use as a starting point, or remain cognizant of the advisory Sentencing Guideline range. Although the district court plainly erred, Kabukuru has not shown a reasonable probability that he would have received a different sentence but for the district court's error. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).

Second, Kabukuru contends that the district court committed procedural error by failing to explain adequately the above-Guidelines sentence. The record belies this contention.

Third, Kabukuru contends that his sentence is substantively unreasonable. The 48-month sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Fourth, Kabukuru contends that the district court erred by including specifics about the second and third conditions of his supervised release regarding the collection of a DNA sample, and the payment of a fine and special assessment, in the written judgment that it did not pronounce at the sentencing hearing. We

disagree. *See United States v. Garcia*, 37 F.3d 1359, 1368 (9th Cir. 1994) (a written judgment that simply clarifies an oral pronouncement is permissible), *overruled on other grounds by United States v. Jackson*, 167 F.3d 1280 (9th Cir. 1999).

Lastly, Kabukuru contends that the district court erred by imposing a new condition in the written judgment requiring him to file taxes during his period of supervised release. Because this condition is part of the mandatory and standard condition of supervised release under 18 U.S.C. § 3583(d) and U.S.S.G. § 5D1.3(a)(1) that the defendant follow the law, it was implicit in the district court's oral decision. *See United States v. Napier*, 463 F.3d 1040, 1042-43 (9th Cir. 2006).

**AFFIRMED.**

10-50474