[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10825
Non-Argument Calendar

_____

D.C. Docket No. 2:10-cv-00680-UA-SPC

MARGARET GADSBY, et al.,

Plaintiffs,

FRANK MURPHY,
JOHN GARDINER, SR.,
RICHARD J. BRUSSARD, JR.,
DONALD OINONEN,
CHARLES FEMMINELLA, JR.,

Plaintiffs - Appellants,

versus

AMERICAN GOLF CORPORATION OF CALIFORNIA,
GOLF ENTERPRISES, INC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 11, 2014)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiffs, several former members of The Classics at Lely Resort (the Club), a country club in Naples, Florida, appeal the district court's order granting summary judgment in favor of the owners and operators of that Club.[1]  For the reasons that follow, we affirm.

## I.

John Gardiner, Frank Murphy, Don Oinonen, Richard Brussard, and Charles Femminella (together, the members), bought memberships at the Club in the late 1990s through early 2000s.  To obtain full memberships, they paid a sizeable deposit.  The members also signed a Proprietary Golf Membership Agreement (the Purchase Contract) and agreed to be bound by the Club's Bylaws.  The Bylaws provided that, if a member later resigned, his membership would be placed on a transfer list containing all resigned members in the order of their resignations.  Then, for every four or five new memberships sold, one membership from the list would be transferred from a resigned member to a new member.  When that happened, the resigned member would receive a percentage refund of his deposit.  Although the Purchase Contract provided that resigning members who reached the

---

[1]  After a review of the district court's jurisdictional order on remand, we conclude subject matter jurisdiction exists under 28 U.S.C. § 1332(a).

2

top of the transfer list would receive a 70% refund of their membership deposits, the Club's subsequent "Upgrade Offer," which the members accepted, increased that amount to 90%.

Each of the members ultimately resigned from membership at the Club — Murphy, Oinonen, Femminella, and Brussard in 2004, and Gardiner in 2008. Each member was placed on the transfer list. When they resigned, Murphy was 199th, Oinonen was 162nd, Fimminella was 214th, Brussard was 216th, and Gardiner was 454th on the transfer list. To this date, no member has received a return of his deposit.

In November 2010, the members filed suit against the Club's owners and operators — American Golf Corporation of California and Golf Enterprises, Inc., (the owners) — for breach of contract.[2] In their complaint, the members alleged the owners were obligated to refund the membership deposits. They alleged they had already performed all conditions precedent to receiving the refunds, and that, by failing to return the money, the owners were in breach of their obligations under the agreements. Upon the owners' motion, the district court rendered summary judgment against the members. This is the members' appeal.

## II.

---

[2] The members lodged additional claims against the owners, none of which are at issue in this appeal.

We review *de novo* the district court's grant of summary judgment. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We draw all factual inferences in a light most favorable to the non-moving party." *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). "[B]ut an inference based on speculation and conjecture is not reasonable." *Avenue CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013) (internal quotation marks omitted). And "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## III.

On appeal, the members contend that a genuine issue of material fact remains regarding whether the owners breached the Purchase Contract, Bylaws, and Upgrade Offer by failing to: (1) provide the members with exclusive access to the Club's amenities; (2) build a hotel and a total of 81 holes at the various golf courses at the Club; (3) refund the members' deposits; and (4) advance them on the transfer list in accordance with the Bylaws. We address these contentions in turn.

4

First, because the members' exclusive-use allegations were not made in the complaint and were, instead, raised for the first time in response to the owners' motion for summary judgment, that claim is not properly before us. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314-15 (11th Cir. 2004). "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint . . . .  A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Id.*

Second, neither the alleged promise to construct a hotel nor the guarantee of 81 holes of golf appears in the Purchase Contract, Bylaws, or Upgrade Offer.  And, to the extent the members complain these apparently oral promises were somehow incorporated into the owners' contractual obligations, they provide no basis for circumventing the Bylaws' "Entire Agreement" clause, which states in no uncertain terms that none of the "rights and obligations" in the Bylaws and Purchase contract "may be modified, amended, enlarged, or revised" in any way other than by written agreement (as in the case of the Upgrade Offer).  To the extent the members originally contended these alleged misrepresentations caused them to enter into their agreements in the first place, they have not pursued their fraudulent inducement claim on appeal and so have abandoned it. *Little v. T. Mobile USA, Inc.*, 691 F.3d 1302, 1306 (11th Cir. 2012).

Third, as the district court detailed, the members have not raised a genuine issue of material fact regarding whether they are now entitled to a refund of their membership deposits. The Club's Bylaws clearly provide that resigning members are placed on the transfer list in their order of resignation and that refunds will be issued as those memberships are transferred to new members. Generally, the Bylaws provide that only 1 transfer occurs for every 4 or 5 new memberships. None of the members were close to the top of the transfer list when they filed suit. And no member has presented any evidence that he has since reached the top. The members contend the new-member-to-transfer ratio was, for a period, 1:1, which could *possibly* have placed them at the top of the list. This, however, is mere speculation, even if that ratio applied for a period of time. We have said repeatedly that speculation about a fact or result is insufficient to survive summary judgment. *See Avenue CLO Fund, Ltd.*, 723 F.3d at 1294 ("[A]n inference based on speculation and conjecture is not reasonable." (internal quotation marks omitted)).

Finally, the members contend — for the first time on appeal — that they are entitled to be placed higher on the transfer list than they are currently positioned. They contend this argument was presented to the district court because, in their breach-of-contract claim, they requested "such further relief as the Court deems proper." We disagree. The members' complaint mentioned only a request for damages for the alleged breach of contract. It made no mention of a prayer for the

6

injunctive relief (advancement on the transfer list) they now seek. Even if we construed the complaint's "further relief" request to include injunctive relief, the members failed entirely to argue the issue in response to the owners' motion for summary judgment before the district court. As a result, because the district court never had an opportunity to rule on the issue, we will not consider it in the first instance. *See San Francisco Residence Club, Inc. v. 707 Old Madison Pike, LLC*, 583 F.3d 750, 755 (11th Cir. 2009) (declining to address plaintiff's request for relief, made for the first time before the court of appeals, because the district court did not "have the opportunity to pass upon the issue" (internal quotation marks omitted)).

## IV.

For all of the foregoing reasons, we affirm the district court's order granting summary judgment in favor of the owners.

**AFFIRMED.**