**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10666 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00417-MCE-1 |
| v. | |
| FERNANDO MURGUIA-OCHOA, a.k.a. Fernando Cruz Arreola, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Submitted August 18, 2014[**]

Before:    HUG, FARRIS, and CANBY, Circuit Judges.

Fernando Murguia-Ochoa appeals from the district court's judgment and

challenges the 292-month sentence imposed following his guilty-plea conviction

for possession with intent to distribute at least 50 grams of methamphetamine, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. § 841(a)(1), and conspiracy to possess with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Murguia-Ochoa contends that the district court procedurally erred at sentencing by failing to exercise its discretion and instead implementing a categorical rule precluding consideration of post-sentencing rehabilitation in any sentencing decision. Because Murguia-Ochoa did not object on these grounds in the district court, we review for plain error. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008). It was not plain error affecting substantial rights for the district court to conclude that defendants like Murguia-Ochoa do not show rehabilitation by refraining from criminal activity while their imprisonment prevents them from committing the types of crimes they have committed in the past. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007) (recognizing that the Sentencing Guidelines are the initial starting point and benchmark at sentencing, but that a sentencing judge "must make an individualized assessment based on the facts presented"); *cf. United States v. Miller*, 722 F.2d 562, 565 (9th Cir. 1983) ("When a court establishes a broad policy *based on events unrelated to the individual case before it*, no discretion has been exercised.") (emphasis added).

Murguia-Ochoa also contends that the 292-month sentence, at the bottom of the applicable Sentencing Guidelines range, is substantively unreasonable because his career offender predicate offenses are stale and because he has been rehabilitated since his original sentencing. The sentence is not substantively unreasonable in light of all the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Murguia-Ochoa's repeated criminal history, the extremely large quantity of methamphetamine involved in the offense, and any evidence of his post-sentencing conduct. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Valencia–Barragan,* 608 F.3d 1103, 1109 (9th Cir.2010) (distinguishing *Amezcua-Vasquez* based on the recency of the appellant's criminal history and the greater need to protect the public); *cf. Pepper v. United States*, 131 S. Ct. 1229 (2011).

**AFFIRMED**.