[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————————

No. 12-16192
Non-Argument Calendar
————————————————————

Docket No. 4:11-cv-00883-KOB

EDWARD R. LANE,

Plaintiff-Appellant,

versus

CENTRAL ALABAMA COMMUNITY COLLEGE,
STEVE FRANKS, in His Individual Capacity, and
SUSAN BURROW, in Her Official Capacity as Acting
President of Central Alabama Community College,

Defendants-Appellees.

————————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————————

(November 24, 2014)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before MARTIN, FAY, and EDMONDSON, Circuit Judges.


PER CURIAM:

The Court hereby vacates its prior opinion, issued on 8 October 2014, and substitutes this corrected opinion.

In Lane v. Cent. Ala. Cmty. Coll., 523 Fed. Appx. 709 (11th Cir. 2013) (per curiam), we affirmed the district court's grant of summary judgment in favor of Steve Franks, former president of Central Alabama Community College ("CACC"), in Lane's 42 U.S.C. § 1983 civil action alleging retaliation in violation of the First Amendment. We concluded -- based on existing Eleventh Circuit precedent -- that Lane's subpoenaed testimony at a federal criminal trial about acts that he performed as part of his official duties as a CACC employee was not speech made "primarily in [Lane's] role as a citizen" and, thus, was not protected by the First Amendment. Id. at 712. We also said that, even if a First Amendment violation had occurred, Franks would be entitled to qualified immunity from the claim against him individually because Lane's First Amendment right was not clearly established under then-existing law. Id. at 711 n.2. Because we determined that no First Amendment violation occurred, we had no need to decide whether

2

Franks was entitled to sovereign immunity from Lane's claim against him in his official capacity.[1]  Id. at 711.

The United States Supreme Court granted certiorari and, in Lane v. Franks, 134 S.Ct. 2369 (2014), affirmed in part and reversed in part our decision and remanded the case for further proceedings.  The Supreme Court concluded that Lane's subpoenaed trial testimony was protected by the First Amendment.  The Supreme Court said that "[t]ruthful testimony under oath by a public employee outside the scope of his ordinary job duties is speech as a citizen for First Amendment purposes . . . even when the testimony relates to his public employment or concerns information learned during that employment."  Id. at 2378.  Because Lane testified about a matter of public concern, and because CCAC offered no justification for treating Lane differently from other members of the general public, Lane's testimony was protected under the First Amendment.  Id. at 2380-81.

Although the Supreme Court ruled that Lane's speech was protected by the First Amendment, the Court determined that the constitutional question had not been "beyond debate" when Franks terminated Lane's employment.  Id. at 2383. As a result, Franks was entitled to qualified immunity from the claim made against

---

[1] Lane's claim against Franks in his official capacity is now a claim against Susan Burrow, in her official capacity as CACC's acting President.

him in his individual capacity.  Id.  Accordingly, the Court affirmed the dismissal of Lane's claim against Franks individually.  Id.

Because we had declined to decide -- and the parties had failed to argue on certiorari review -- whether Franks (now Burrow) was entitled to sovereign immunity from Lane's official capacity claim seeking equitable relief,[2] the Supreme Court remanded the case for further proceedings.  Id.  We now address the sovereign immunity issue.

The district court concluded that Lane's official-capacity claim against Franks for equitable relief was barred by the Eleventh Amendment.  We review the district court's ruling de novo.  See Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1334 (11th Cir. 1999).

Generally speaking, the Eleventh Amendment bars civil actions against state officials in their official capacity "when the state is the real, substantial party in interest."  Pennhurst State Sch. & Hosp. v. Halderman, 104 S.Ct. 900, 908 (1984).  Pursuant to the exception established in Ex parte Young, 28 S.Ct. 441 (1908), official-capacity suits against state officials are permissible, however, under the Eleventh Amendment when the plaintiff seeks "*prospective* equitable relief to end *continuing* violations of federal law."  See Summit Med. Assocs., 180 F.3d at 1336 (emphasis in original).

_____

[2] Lane has abandoned expressly his claim for money damages against Franks in his official capacity.  See Lane, 523 Fed. Appx. at 710 n.1.

4

Here, Lane seeks equitable relief in the form of reinstatement of his employment. We have determined previously that requests for reinstatement constitute prospective injunctive relief that fall within the scope of the Ex parte Young exception and, thus, are not barred by the Eleventh Amendment. See Cross v. Ala. State Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1503 (1995); Lassiter v. Ala. A & M Univ., Bd. of Trs., 3 F.3d 1482, 1485 (11th Cir. 1993), vacated on other grounds, 28 F.3d 1146 (11th Cir. 1994).

And given our precedents, nothing demonstrates to us that Lane's requested reinstatement is considerably different, implicating Alabama's sovereignty interests and funds so significantly that the Ex parte Young exception would be inapplicable. In Idaho v. Coeur d'Alene Tribe, 117 S.Ct. 2028 (1997), the Supreme Court concluded that a state was entitled to Eleventh Amendment protection from a suit asserting ownership in certain submerged land and navigable waterways within the state. The Supreme Court noted that the relief sought was "functional[ly] equivalent" to a quiet title action barred by the Eleventh Amendment. Id. at 2040. Moreover, the requested relief would "diminish, even extinguish, the State's control [not just state ownership but the power to regulate or affect in any way] over a vast reach of land and waters long deemed by the State to be an integral part of its territory." Id. Under the "particular and special circumstances" of the case -- where the state's sovereign interests "would be

5

affected in a degree fully as intrusive as almost any conceivable retroactive levy upon funds in its Treasury" -- the state was entitled to Eleventh Amendment protection. Id. at 2043.

This case is not like Coeur d'Alene. Here, the special sovereignty interest is lacking: this case does not involve land; Lane's requested reinstatement is not the "functional equivalent" of a form of relief otherwise barred by the Eleventh Amendment. Cf. Summit Med. Assocs., 180 F.3d at 1340-41 (distinguishing Coeur d'Alene).

That Lane's reinstatement would require the State to pay Lane's salary does not trigger Eleventh Amendment protection. The Supreme Court has recognized that compliance with the terms of prospective injunctive relief will often necessitate the expenditure of state funds. See Edelman v. Jordan, 94 S.Ct. 1347, 1358 (1974). And "[s]uch an ancillary effect on the state treasury is a permissible and often an inevitable consequence of the principle announced in Ex parte Young." Id.

In the light of our reinstatement precedents, we conclude that the district court erred in dismissing Lane's official-capacity claim against Franks as barred by the Eleventh Amendment.

6

We affirm in part and vacate in part; and we remand the case for further proceedings consistent with this opinion and with the Supreme Court's decision in Lane v. Franks, 134 S.Ct. 2369 (2014).[3]

AFFIRMED IN PART; VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.

---

[3] We acknowledge that the C.I.T.Y. Program for which Lane served as Director is no longer in existence. We are unconvinced that this fact, in and of itself, renders Lane's request for reinstatement moot, particularly where Lane has alleged that the program was merely reorganized and renamed. But, should the district court determine that a constitutional violation occurred, we suggest that it might be necessary for the district court to engage in additional factfinding on this issue to determine what form of equitable relief is available to Lane.