[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12848
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00442-MTT-TQL


DERRICK DANIELS,

Plaintiff-Appellant,

versus

CARLOS BERNARD FELTON,
OCTAVIA CRAWFORD,
RODNEY SUTTON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 11, 2020)

Before WILSON, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Derrick Daniels, a Georgia prisoner proceeding pro se, appeals the district court's entry of summary judgment for the defendants in his 42 U.S.C. § 1983 action against state prison guards Octavia Crawford, Carlos Felton, and Rodney Sutton.  Finding no error, we affirm.

## I.

Daniels alleged that the defendants violated his Eighth Amendment rights against cruel and unusual punishment when the booth officer (Crawford) and floor officer (Sutton) opened his cell door remotely and allowed other inmates to enter and attack him and his cellmate with homemade knives, and the shift supervisor (Felton) failed to intervene.  The defendants moved for summary judgment, arguing that none of them acted with deliberate indifference to a known substantial risk of harm to Daniels, and that they responded appropriately to the attack as soon as they became aware of it.  In response, Daniels argued that Crawford and Sutton had violated clearly established prison procedures by opening his cell door to unauthorized inmates while Daniels and his cellmate slept.  He argued that surveillance video of the altercation supported his claims and contradicted Crawford and Sutton's testimony that they had not spoken with any of the prisoners involved in the attack and had not opened his cell door from the booth, because the video showed Sutton speaking with one of the attackers during head count and showed the same prisoner speaking to someone in the control booth just

2

before the attack.  Daniels admitted, however, that after reviewing the evidence, he could not allege an "actual, factual controversy" regarding Felton's response to the altercation.  He sought the district court's leave to dismiss his claims against Felton without prejudice.

The district court granted the defendants' motion and entered summary judgment in their favor on all of Daniels's claims.  Daniels now appeals.

## II.

We review a grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmovant and drawing all inferences in his favor. *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001). Summary judgment shall be granted "if the movant shows that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Rule 56 mandates the entry of summary judgment if, after an adequate time for discovery, a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).  "Having incarcerated 'persons with

3

demonstrated proclivities for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Id.* at 833 (alterations adopted) (citation omitted). Accordingly, prison officials have a duty to take reasonable measures to protect prisoners from violent attacks by other inmates. *Id.* at 833–34. But that does not mean that prison officials are liable for every act of inmate-on-inmate violence. *Id.* at 834.

"A prison official violates the Eighth Amendment 'when a substantial risk of serious harm, *of which the official is subjectively aware*, exists and the official does not respond reasonably to the risk.'" *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (emphasis in original) (citation omitted). To survive summary judgment, a plaintiff must show: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Id.* "The first element of deliberate indifference—whether there was a substantial risk of serious harm—is assessed objectively and requires the plaintiff to show 'conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety.'" *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019). In this context, deliberate indifference requires: (1) the defendants' subjective knowledge of the risk of serious harm; (2) disregard of that risk; and

4

(3) conduct that amounts to more than mere negligence. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). A prison official has subjective knowledge of a risk of serious harm only if he had knowledge of specific facts from which an inference of the risk could be drawn, *and* he actually drew that inference. *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). "Whether a particular defendant has subjective knowledge of the risk of serious harm is a question of fact 'subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Goebert v. Lee Cty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 842).

Viewed in the light most favorable to Daniels, the summary judgment record permits the inference that Crawford opened Daniels's cell door to allow unauthorized inmates to enter.[1] The inference that Sutton was involved in the decision to open the cell door is more strained, given that he was outside the dormitory at the time. Nonetheless, even if the evidence supported a finding that both Crawford and Sutton were responsible for allowing unauthorized inmates to

---

[1] Daniels does not challenge the district court's grant of summary judgment to Felton on the claims in his Amended Complaint. Instead, he seeks our leave to bring a new claim against Felton based on Felton's alleged instruction to Sutton to remain outside the dormitory during the fracas. But aside from jurisdictional allegations, "we cannot consider a new issue, not raised by the pleadings in the District Court or considered by it, whether raised by motion to amend a complaint or otherwise." *San Francisco Residence Club, Inc. v. 7027 Old Madison Pike, LLC*, 583 F.3d 750, 756 (11th Cir. 2009) (citation and quotation marks omitted). We therefore affirm the entry of summary judgment on Daniels's claims against Felton without further comment.

enter Daniels's cell, such evidence is not "sufficient to 'support a reasonable jury's finding that [Crawford and Sutton] harbored a subjective awareness that [Daniels] was in serious danger." *Marbury*, 936 F.3d at 1238.  That is because Daniels has proffered no evidence from which a jury could conclude that either of the defendants was aware that the inmates they allegedly allowed into Daniels's cell posed a substantial threat of harm to him.

Daniels testified that he believed that the attack was related to his cellmate's gang affiliation, and he contended that the defendants had been forewarned of the danger posed by gangs at the prison, based on a gang fight that had taken place two months earlier.  But Daniels did not identify any risk of harm known to the defendants beyond the generalized danger of housing rival gang members in the same prison.  He testified that he did not know the inmates who attacked him, and he did not have any prior problems with them.  He did not present evidence of any specific prior conflict between his cellmate and the attackers, either.

On appeal, Daniels builds on his theme that the prison was a dangerous place.  He argues that the risk of harm should have been obvious to the defendants because the prison was a "level 5 close security prison" housing violent felons.  To establish deliberate indifference based on a generalized risk, however, a "plaintiff must show 'that serious inmate-on-inmate violence was the norm or something close to it.'"  *Id.* at 1234 (citation omitted).  Daniels's reference to a single prior

6

altercation between gangs—a fight that did not involve him and may or may not have involved his cellmate or their attackers—is not enough. *See id.*; *see also Purcell ex rel. Estate of Morgan v. Toombs Cty.*, 400 F.3d 1313, 1322 n.21 (11th Cir. 2005) ("In a jail that houses over a hundred inmates, evidences of two to three pretty serious inmate fights over a period of nine months and of not very many other fights over a four-year span, cannot establish that serious inmate-on-inmate violence was frequent and pervasive.").

Because Daniels failed to show that Sutton and Crawford subjectively knew of a risk of serious harm to him, he could not meet his burden of proving that they violated his Eighth Amendment rights by deliberately disregarding such risk. Accordingly, we affirm the district court's entry of summary judgment for the defendants.

**AFFIRMED.**