[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13662
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cv-00074-WS-CAS

TERRY LEE FREEZE,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF CHILDREN AND FAMILIES
CORRECT CARE SOLUTIONS, INC.
FLORIDA CIVIL COMMITMENT CENTER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 21, 2020)

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Terry Lee Freeze, pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to follow court orders.  We affirm.

I.

Freeze is detained at the Florida Civil Commitment Center under Florida Statutes §§ 394.910–394.934, commonly known as the "Jimmy Ryce Act," which establishes "a civil commitment procedure for the long-term care and treatment of sexually violent predators."  Fla. Stat. § 394.910.  In February 2019, Freeze filed a complaint pursuant to 42 U.S.C. § 1983 against the Secretary of the Florida Department of Children and Families (DCF); the Administrator of the Center; and the Chief Operating Officer of Correct Care Solutions (CCS), which apparently contracts with DCF to provide medical and mental health services to the Center. Freeze alleged that on various dates between December 2000 and November 2018: (1) DCF falsely imprisoned him by finding that he met civil commitment criteria as a sexually violent predator; inflicted emotional distress by issuing a "request for proposals" regarding the financing, design, construction, acquisition, and operation of the Center; violated his rights by obtaining one permit for the Center indicating that the building was to be used as a correctional facility and another claiming that it was a residential treatment center; "interfered with a Federal Case from being selected for publication in the Federal Reporter"; and (through its Secretary) showed deliberate indifference by renewing its contract with CCS despite the

2

multitude of lawsuits against CCS; (2) the Center's Administrator imposed punitive conditions of confinement by permitting staff to write reports indicating that Freeze still meets civil commitment criteria and deprived Freeze of access to the courts by closing the computer lab due to understaffing; and (3) CCS's Chief Operating Officer defrauded taxpayers of hundreds of millions of dollars when he signed the contract with DCF to operate the Center "under organized crime without regard to the safety and well-being [of] all mentally ill persons" in the Center. Freeze sought monetary damages, his immediate release, and orders (1) terminating DCF's contract with CCS, and (2) declaring the Jimmy Ryce Act unconstitutional and closing the Center.

A magistrate judge reviewed Freeze's complaint and advised him that, as drafted, it failed to state a plausible claim for relief against the defendants. The magistrate judge explained that the state and its agencies were generally immune from suit in federal court for money damages, Freeze could not challenge his confinement (as opposed to the conditions of confinement) in a § 1983 action, and the remaining allegations in his complaint were vague and conclusory and lacked factual support. The magistrate also explained that claims arising from some of the events he alleged would be barred by the applicable four-year statute of limitations. The magistrate gave Freeze leave to file an amended complaint and advised him that any claim raised in his amended complaint must clearly describe what

happened and when, who was involved, and how Freeze was harmed.  The magistrate warned Freeze that if he did not file either a voluntary dismissal or an amended complaint within 30 days, he risked dismissal by the court for failure to state a claim.

Freeze did neither; instead, he filed a motion for reconsideration and a request for immediate recusal of the magistrate judge.  The magistrate judge denied Freeze's motion for recusal and granted his motion for reconsideration.  On reconsideration, however, the magistrate found that its previous order was correct and declined to change it.  The magistrate noted that Freeze had failed to file an amended complaint or a notice of voluntary dismissal within the time provided and granted him an extension of time to comply or file an objection.

Freeze filed an objection to the magistrate's orders, arguing that the magistrate showed "personal bias or prejudice" against him and an attempt to deceive the district court and this Court by wrongly concluding that his complaint failed to state a valid § 1983 claim.  The district court found no errors in the magistrate's orders and denied Freeze's objection.

The magistrate entered an order noting that Freeze's objection had been overruled, again explaining the deficiencies in Freeze's complaint, and directing him to file an amended complaint stating plausible claims backed by appropriate factual allegations or dismiss his suit voluntarily by July 10, 2019.  The magistrate

advised Freeze that the failure to comply with its orders to amend his complaint or file a notice of voluntary dismissal by the deadline would result in a recommendation that the district court dismiss his complaint.

Again, Freeze filed an objection to the magistrate's order, which the magistrate construed as another motion for reconsideration and denied on June 24, 2019. The magistrate reminded Freeze that he had until July 10, 2019, to either dismiss his lawsuit voluntarily or file an amended complaint that stated a plausible claim, alleged supporting facts, and requested relief that could be granted in a § 1983 action, and that the failure to do so would result in a recommendation for involuntary dismissal by the district court.

Freeze did not file an amended complaint or a voluntary dismissal, and on July 19, 2019, the magistrate judge entered a report and recommendation (R&R) recommending that Freeze's case be dismissed. The district court adopted the R&R in part and dismissed the action without prejudice for failure to follow court orders. Freeze now appeals.

## II.

We review a district court's dismissal of a complaint for failure to comply with a court order for an abuse of discretion. *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 n.14 (11th Cir.

2009).  "A district court need not tolerate defiance of reasonable orders." *Id.* at 1241 (citation and quotation marks omitted).

On appeal, Freeze does not contest the district court's finding that he failed to comply with the magistrate's orders to amend or dismiss his complaint.  Instead, he states that the magistrate's and district court's orders were "based on an erroneous view of the law or on a clearly erroneous assessment of the evidence," and that both the district court and the magistrate judge were biased against him because he had been civilly committed under the Jimmy Ryce Act.[1]  These conclusory statements, which are unsupported by any coherent argument, are insufficient to raise an issue for appeal.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

Construing his pro se brief liberally, Freeze also appears to argue that the magistrate's order instructing him to amend his complaint was unreasonable because his complaint stated valid claims for relief.  We are not persuaded.

---

[1] Freeze also makes new allegations against the Center and a former state senator who is now apparently employed by a private company in the prison administration business.  But aside from jurisdictional allegations, "we cannot consider a new issue, not raised by the pleadings in the District Court or considered by it, whether raised by motion to amend a complaint or otherwise." *San Francisco Residence Club, Inc. v. 7027 Old Madison Pike, LLC*, 583 F.3d 750, 756 (11th Cir. 2009) (citation and quotation marks omitted).

To avoid dismissal of his complaint for failure to state a claim, a plaintiff must allege facts stating "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). And to state a plausible claim for relief, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This means that a § 1983 complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2010) (citation omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Though we construe pro se pleadings liberally, pro se litigants are nonetheless expected to comply with procedural requirements. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

The magistrate judge's assessment that Freeze's complaint did not meet these basic pleading standards was correct, and the order to amend or dismiss voluntarily was therefore reasonable. As an initial matter, Freeze's claims for money damages against the Florida Department of Children and Families and its Secretary (in his official capacity) were barred by the Eleventh Amendment. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Summit Med. Assocs., P.C. v. Pryor*,

7

180 F.3d 1326, 1336 (11th Cir. 1999).  And although the Eleventh Amendment would not necessarily bar a claim against DCF's Secretary for prospective injunctive relief,[2] Freeze's primary claims for such relief against all three defendants—challenging the fact and duration of his confinement as false imprisonment and seeking his immediate release—are not cognizable under 42 U.S.C. § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 489–90 (1973).

To the extent that Freeze's remaining claims can be disentangled from his arguments challenging his confinement, Freeze failed to allege facts that would permit the district court to infer the defendants' liability to him under any viable legal theory.  For example, while Freeze claimed that DCF violated his rights by obtaining permits for the Center, continuing its contract with CCS, and interfering with the publication of a federal case, he did not allege facts showing why those actions were unconstitutional and how they harmed him.  Similarly, his allegations that CCS operated the facility "under organized crime" and that the Center's administrator "caused unnecessary delays in the preparation of [his] lawsuit" by closing the computer lab were too vague to support an inference that the defendants could be liable to Freeze for any specific injury.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (to establish a violation of the right of access to the courts, an inmate must show that alleged deficiencies in the law library caused

---

[2] *See, e.g., Lane v. Cent. Alabama Cmty. Coll.*, 772 F.3d 1349, 1351 (11th Cir. 2014).

actual injury by, for example, preventing him from filing a complaint).  Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (alteration in original) (quoting Fed. Rule Civ. Proc. 8(a)(2)).

"[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Because Freeze failed to comply with the magistrate's reasonable orders despite being given multiple opportunities to do so, the district court did not abuse its discretion in dismissing Freeze's complaint without prejudice for failure to follow court orders.  We therefore affirm.

**AFFIRMED.**