A10A0282. DOVE v. TY COBB HEALTHCARE SYSTEMS, INC.
(699 SE2d 355)

BERNES, Judge.

Ann Royston Dove filed the instant medical malpractice action on behalf of her deceased mother's estate against Ty Cobb Healthcare Systems, Inc. d/b/a Brown Memorial Convalescent Center, alleging that the nursing home's staff had rendered professionally negligent care to her mother while she was a patient. The nursing home denied the allegations of negligence and filed a motion for partial summary judgment, contending that certain claims presented by Dove were barred by the applicable two-year statute of limitation. The trial court granted the nursing home's motion. We affirm.

> On appeal from a grant of a motion of summary judgment, we review the evidence de novo, viewing it in the light most favorable to the non-movant, to determine whether the trial court erred in concluding that no genuine issue of fact remains and that the moving party is entitled to judgment as a matter of law.

---

(Footnote omitted.) *Gibson v. Thompson*, 283 Ga. App. 705 (642 SE2d 366) (2007).

So viewed, the record shows that Dove's 81-year-old mother, Eulala Royston, was admitted to appellee's nursing home on July 5, 2000, after she had suffered a debilitating heart attack. Dove chose appellee's nursing home for her mother's care because it was conveniently located to Dove's residence so that it allowed for frequent visitation by Dove and her family.

Shortly after Dove's mother was admitted into the nursing home, Dove began to observe and receive reports of incidents suggesting that the nursing staff had not been attentive to her mother's needs and had rendered negligent care to her mother. Dove recalled numerous incidents that allegedly had occurred during the course of her mother's treatment, including the following, which she claimed had occurred between the years 2000 and 2005:

• In December 2000, her mother suffered a broken hip, which the nurses claimed she sustained as a result of having fallen out of her bed;

• In 2001, her mother suffered a broken hip;

• In May 2002, her mother suffered another broken hip, which the nurses again said she sustained when she fell out of her bed;

• In July 2002, her mother suffered another broken hip;

• In August 2002, her mother purportedly weighed 88 lbs., having lost five lbs. in one week;

• In 2002 and 2003, her mother had bedsores and bruises;

• On May 25, 2003, her mother suffered a broken ankle when her Geri-chair was struck by another resident's electric wheelchair;

• In June 2003, when the cast was removed from her mother's ankle and leg, necrosis was observed in the back of her mother's foot;

• Occasionally between the years 2001 through 2003, her mother's bed was wet and her mother had fallen over onto her bedrails;

• In November 2004, her mother broke both of her hips allegedly as a result of her having fallen out of her bed again;

• Prior to January 2005, her mother had scrapes on her back;

• Prior to January 2005, her mother was not being fed properly, an allegation which led to a state investigation;

• Occasionally, her mother's food and medication were left by the bedside without being given to her;

• Her mother often experienced fecal impaction;

• Several times, her mother's urinary catheter became obstructed and needed to be cleared.

Based upon her dissatisfaction with the care that her mother was receiving at the nursing home, Dove considered moving her mother to a different facility. Ultimately, however, Dove decided to keep her mother at the nursing home. Dove's mother remained at the nursing home until she passed away on February 16, 2007.

On May 22, 2007, Dove filed suit on behalf of her mother's estate against the nursing home, alleging that the nursing staff had deviated from the professional standard of care in her mother's treatment. Dove later amended her complaint to allege that the nursing home had also engaged in fraud by misrepresenting that her mother's broken hips were caused by her falls out of the bed and by falsifying her medical records. The nursing home filed a motion for partial summary judgment, arguing that Dove's claims based upon alleged incidents that occurred prior to May 22, 2005 were barred by the statute of limitation.[1] The trial court entered an order granting the nursing home's motion.

On appeal, Dove contends that the trial court erred in concluding that her claims were time-barred since her fraud allegations tolled the statute of limitation and estopped the nursing home from raising the statute of repose as a defense. We disagree.

The statute of limitation for medical malpractice is two years from the date of the injury. See OCGA § 9-3-71 (a);[2] *Hendrix v. Schrecengost*, 183 Ga. App. 201, 202 (1) (358 SE2d 486) (1987). If a defendant is shown to have committed a fraud which debarred or deterred a plaintiff from bringing an action, the statute of limitation is tolled until the fraud is discovered or reasonably should have been discovered. See OCGA § 9-3-96; *Esener v. Kinsey*, 240 Ga. App. 21, 22 (522 SE2d 522) (1999); *Hendrix*, 183 Ga. App. at 202 (1). But, "[e]ven if evidence of fraud exists, the statute of limitation is not tolled when the plaintiff knew all facts necessary to show malpractice before the running of the period of limitation." (Citation and punctuation omitted.) *Hendrix*, 183 Ga. App. at 203 (2). See also

---

[1] The claims alleging acts that occurred subsequent to May 22, 2005 remain viable and were not the subjects of the motion.

[2] "[A]n action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." OCGA § 9-3-71 (a).

*Lasoya v. Sunay*, 193 Ga. App. 814, 816-817 (2) (389 SE2d 339) (1989).

Here, the undisputed evidence showed that Dove had observed her mother's injuries and had become aware of the alleged acts of negligence during her frequent visits to the nursing home. In fact, during the course of her mother's treatment, Dove had expressed complaints to the director and nursing staff, had informed her family members about several of the instances of alleged negligence, and had then stated that she was dissatisfied with the care that her mother had been receiving. After the incidents in which Dove's mother allegedly fell out of her bed, the nurses told Dove that her mother had fallen out of the bed, even though Dove never believed the nurses' explanations for the falls. There is no evidence that any of the alleged injuries were hidden from Dove or that Dove was prevented from learning of the nursing staff's alleged negligence. The statute of limitation therefore was not tolled. See *Charter Peachford &c. v. Kohout*, 233 Ga. App. 452, 459-460 (c) (504 SE2d 514) (1998) (physical precedent only); *Gibson*, 283 Ga. App. at 707; *Lasoya*, 193 Ga. App. at 816-817 (2); *Hendrix*, 183 Ga. App. at 203 (2). The expiration of the statute of limitation barred Dove's claims based upon acts that occurred prior to May 22, 2005. See id.; OCGA § 9-3-71 (a).[3] The trial court therefore did not err in granting the nursing home's motion for partial summary judgment.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 8, 2010.

*Thomas M. Strickland*, for appellant.

---

[3] Dove also argues that her fraud claims estopped the nursing home from asserting the five-year statute of repose as a defense. See OCGA § 9-3-71 (b); *Esener*, 240 Ga. App. at 23 (ruling that if the evidence shows that a defendant's fraud prevented a plaintiff from bringing a lawsuit, then the doctrine of equitable estoppel shall preclude the defendant from raising the defense of the statute of ultimate repose). But, the injuries sustained by Dove's mother became obvious at or about the same time as the alleged negligent acts or omissions, and Dove had knowledge of the negligence that gave rise to her claims within the limitation period. Under these circumstances, the expiration of the statute of limitation was the dispositive issue in determining the time bar in this case. See *Simmons v. Sonyika*, 279 Ga. 378, 379 (614 SE2d 27) (2005) (explaining the distinction between the statute of limitation and the statute of repose); *Lasoya*, 193 Ga. App. at 816-817 (2); *Hendrix*, 183 Ga. App. at 203 (2). Dove's argument regarding the statute of repose does not govern the outcome and need not be addressed.

*McClure, Ramsay, Dickerson & Escoe, John A. Dickerson*, for appellee.