**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 18, 2012**

# In the Court of Appeals of Georgia

A12A0153. DOVE v. TY COBB HEALTHCARE SYSTEMS, INC.

DILLARD, Judge.

Ann Royston Dove initially filed a medical-malpractice action on behalf of her deceased mother's estate against a nursing home operated by Ty Cobb Healthcare Systems, Inc. In *Dove v. Ty Cobb Healthcare Systems, Inc.*[1] (*Dove I*), we affirmed the trial court's grant of the nursing home's motion for partial summary judgment on the ground that the majority of Dove's claims were barred by the statute of limitations. Thereafter, Dove amended her complaint by stating the same facts but alleging that such facts amounted to simple negligence rather than professional negligence. Dove now appeals an order dismissing her amended complaint, arguing that the trial court erred in ruling that the majority of her claims were precluded by *res judicata* and that

---

[1] 305 Ga. App. 13 (699 SE2d 355) (2010).

her remaining claims required dismissal because they still alleged professional negligence but were no longer supported by an expert affidavit. For the reasons set forth *infra*, we affirm the trial court's ruling that the majority of Dove's claims are precluded by *res judicata*, but we reverse the dismissal of Dove's remaining claims and remand the case for further proceedings.

The relevant facts as summarized in *Dove I* show that Dove's 81-year-old mother was admitted to the nursing home in 2000.[2] Shortly thereafter, Dove began to observe incidents suggesting that the nursing home staff had rendered professionally negligent care to her mother.[3] And over the course of the next five years (2000–2005), Dove cataloged numerous injuries that her mother allegedly suffered as a result of the nursing staff's professional negligence.[4] Nevertheless, Dove's mother remained at the nursing home until she passed away in February 2007.[5]

In May 2007, Dove filed suit on behalf of her mother's estate against the nursing home, alleging that the nursing staff had deviated from the professional

---

[2] *Id.* at 14.

[3] *Id.*

[4] *Id.* at 14-15.

[5] *Id.* at 15.

standard of care in her mother's treatment and, after amending, that the staff had misrepresented how some of her mother's injuries occurred.[6] The nursing home filed a motion for partial summary judgment, arguing that Dove's claims based upon alleged incidents that occurred prior to May 2005 were barred by the statute of limitation.[7] The trial court granted the nursing home's motion, and we affirmed, holding that even if the nursing home had engaged in fraud, the two-year statute of limitation was not tolled because Dove knew all the facts necessary to show malpractice before the running of the limitation period.[8]

Subsequently, Dove filed a third amended complaint, in which she reasserted the same facts as her previous complaints. However, she recharacterized her claims as alleging simple negligence on the part of the nursing home staff. The nursing home filed an answer, asserting that to the extent any of Dove's claims alleged a failure to exercise medical judgment, such claims should be dismissed because they were not supported by an expert affidavit and that any claims previously adjudicated should also be dismissed. On the same day that it filed its answer to Dove's third amended

---

[6] *Id.*

[7] *Id.*

[8] *Id.* at 15-16.

3

complaint, the nursing home also filed a motion to dismiss, specifically arguing that all but two of Dove's simple negligence claims had already been adjudicated by the court's earlier summary judgment order and the Court of Appeals opinion affirming that order. Thus, the nursing home argued that those claims were precluded by *res judicata*.

Several weeks later, the trial court held a hearing on the matter, during which Dove stipulated that she was no longer alleging any medical-malpractice claims and that the claims in her third amended complaint, which were based on the same set of facts, were for simple negligence. The nursing home then argued that all of the claims that had been previously adjudicated by the trial court's summary judgment order were precluded by *res judicata* regardless of the fact that Dove was now characterizing those claims as simple negligence rather than medical malpractice. The nursing home further argued that Dove's two remaining claims that had not been previously adjudicated—Paragraphs 7 (e) and 7 (f) of the third amended complaint—should be dismissed because they were medical-malpractice claims, regardless of Dove's assertions to the contrary, which were no longer supported by an expert affidavit. The trial court agreed and issued an order dismissing Dove's third amended complaint. This appeal follows.

4

At the outset, we note that on appeal, this Court conducts "a de novo review of a trial court's ruling on a motion to dismiss."[9] In doing so, our role is "to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts";[10] however, we "need not adopt a party's legal conclusions based on these facts."[11] With these guiding principles in mind, we will now address Dove's arguments.

1. Dove contends that the trial court erred in dismissing all but two of her claims on the ground that those claims were previously adjudicated and, therefore, are precluded by the doctrine of *res judicata*. We disagree.

It is well established that "[t]he doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of

---

[9] *Chandler v. Opensided MRI of Atlanta, LLC*, 299 Ga. App. 145, 145 (682 SE2d 165) (2009).

[10] *Id.* (punctuation omitted).

[11] *Sw. Health & Wellness, LLC v. Work*, 282 Ga. App. 619, 623 (2) (639 SE2d 570) (2006) (punctuation omitted).

action."[12] Indeed, the doctrine of *res judicata* "prevents a plaintiff from instituting a second complaint against a defendant on a claim that has already been brought, after having previously been adjudged not to be entitled to the recovery sought on that claim."[13] And three prerequisites must be satisfied before *res judicata* applies—"(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction."[14]

In the case *sub judice*, it is undisputed that there is identity of the parties and a previous adjudication.[15] It is likewise undisputed that Dove's third amended complaint is based on the identical set of facts alleged in her previous complaints with the only difference being that she now has characterized those allegations as

---

[12] *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865 (1) (463 SE2d 5) (1995) (per curiam).

[13] *Id.* at 865-66 (1).

[14] *Id.* at 866 (1).

[15] *See Towe v. Connors*, 284 Ga. App. 320, 321 (644 SE2d 176) (2007) ("Dismissal based upon the expiration of the statute of limitation is in essence a dismissal for failure to state a claim upon which relief can be granted[, and a] dismissal on this ground is a decision on the merits, and the doctrine of res judicata bars a subsequent lawsuit on this claim." (citation omitted)).

constituting simple negligence instead of professional negligence.[16] And while Dove argues that she is not prohibited from recasting her complaint in such a manner, the doctrine of *res judicata* "bars subsequent actions as to all matter[s] put in issue or which could have been put in issue."[17] Specifically, one must assert "all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata."[18] Accordingly, because the nursing home showed sufficient identity of parties, identity of issues, and an adjudication on the merits, the trial court did not err in ruling that all but two of Dove's claims in her third amended complaint are precluded by *res judicata*.[19]

---

[16] *See QoS Networks, Ltd. v. Warburg, Pincus & Co.*, 294 Ga. App. 528, 532 (1) (b) (669 SE2d 536) (2008) (holding that the question in determining whether an issue has already been decided by another court "is whether both claims arose from the same set of facts," which can, in turn, be ascertained by examining the subject-matter and the issues as raised by the pleadings in the two cases." (punctuation omitted)).

[17] *Id.*; *see* OCGA § 9-12-40.

[18] *QoS Networks, Ltd.*, 294 Ga. App. at 532 (1) (b) (punctuation omitted); *see CenTrust Mtg. Corp. v. Smith & Jenkins, P.C.*, 220 Ga. App. 394, 397 (2) (469 SE2d 466) (1996).

[19] *See QoS Networks, Ltd.*, 294 Ga. App. at 533 (1) (c).

2. Dove also contends that the trial court erred in dismissing her two remaining claims on the ground that those claims alleged professional negligence, despite Dove's characterization of them, but were now no longer supported by an expert affidavit. Specifically, Dove argues that this issue was not properly before the court and that, regardless, her remaining claims constituted simple negligence and did not require the support of an expert affidavit. And because the nursing home did not file a motion to dismiss Dove's claims for failure to file an expert affidavit, we are constrained to reverse the portion of the trial court's order dismissing Dove's two remaining claims that are not precluded by *res judicata.*

As we have previously held, a plaintiff's failure to file an expert affidavit, pursuant to OCGA § 9-11-9.1, is a defense that can be waived if a defendant does not assert such a defense by filing a separate motion to dismiss on that ground contemporaneously with its answer.[20] Furthermore, we recently reiterated that OCGA § 9-11-9.1 (e) requires a defendant seeking to dismiss a medical-malpractice action—based upon a plaintiff's failure to file an adequate expert affidavit—to allege with

---

[20] *See Chandler*, 299 Ga. App. at 147-48 (2) (holding that defendant's failure to file a separate motion to dismiss plaintiffs' complaint for failure to file an expert affidavit contemporaneously with their answer waived defendant's objection to plaintiffs renewing their complaint).

specificity in its motion to dismiss the reason that plaintiff's filing was inadequate.[21] And here, the nursing home filed a motion to dismiss, arguing that the majority of Dove's claims were precluded by *res judicata*. However, in that motion, the nursing home did not argue that Dove's claims should also be dismissed because she failed to file an expert affidavit with her third amended complaint. Moreover, the fact that the parties argued during the hearing that Dove's claims now lacked a supporting expert affidavit did not obviate the requirement that the nursing home assert such argument in its motion to dismiss.[22] Given these circumstances, the trial court erred in prematurely dismissing Dove's two remaining claims that had not been previously

---

[21] *See Ndlovu v. Pham*, 314 Ga. App. 337, 342 (723 SE2d 729) (2012) ("The inadequacy for which the court below dismissed the case is not one identified with specificity in the motion to dismiss, and the dismissal of the case, therefore, was error." (punctuation omitted)); *Tucker v. Thomas C. Talley, M.D., P.C.*, 267 Ga. App. 820, 822 (1) (600 SE2d 778 (2004) (holding that because defendants did not object with specificity to the plaintiff's affidavit, they were not entitled to a dismissal for failure to state a claim on account of a failure to comply with OCGA § 9–11–9.1).

[22] *See Ndlovu*, 314 Ga. App. at 341-43 (holding that the trial court erred in dismissing plaintiff's medical malpractice case based on an inadequate expert affidavit when it did so on grounds not specifically argued in defendants' motion to dismiss and further holding that plaintiff's notice of affidavit's inadequacy could not form a sufficient basis for dismissal); *see also Chandler*, 299 Ga. App. at 147-48 (2) (holding that trial court erred in dismissing plaintiffs' complaint because defendant failed to file a separate motion to dismiss based on lack of an expert affidavit with their answer).

adjudicated. Accordingly, we reverse the portion of the trial court's order dismissing those two remaining claims—Paragraphs 7 (e) and (f) of Dove's third amended complaint—and remand the case for further proceedings consistent with this opinion.

*Judgment affirmed in part; and reversed and case remanded in part. Ellington, C. J., and Phipps, P. J., concur.*