**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 2, 2017**

# In the Court of Appeals of Georgia

A17A0170. GRADY MEMORIAL HOSPITAL CORPORATION v. HAYES.

MILLER, Presiding Judge.

This appeal arises from a renewal suit filed by Appellee Marion Hayes against Grady Memorial Hospital Corporation ("Grady"), wherein Hayes alleges negligence and breach of contract arising from injuries allegedly sustained during a ventral hernia repair. Grady moved to dismiss both counts of Hayes's complaint, but the trial court only dismissed Hayes's negligence claim while allowing the breach of contract claim to proceed. This Court granted interlocutory review of the trial court's order, and Grady appeals. For the following reasons, we find that the trial court should have dismissed Hayes's breach of contract claim for failure to state a claim and, therefore, we reverse.

> [T]his Court conducts a de novo review of a trial court's ruling on a motion to dismiss. In doing so, our role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts[.]

(Citations and footnotes omitted.) *Dove v. Ty Cobb Healthcare System, Inc.*, 316 Ga. App. 7, 9 (729 SE2d 58) (2012).

So viewed, the record shows that on March 5, 2013, Hayes had surgery for a ventral hernia repair at Grady. A few days later, Hayes required postoperative surgery at Grady to repair a puncture of his bowel wall allegedly caused during the March 5 surgery. Two years later, Hayes sued Grady to recover for the alleged injuries he sustained during the March 5, 2013 surgery (the "First Suit"). Hayes raised claims for negligence and breach of contract. Grady moved to dismiss the First Suit because Hayes failed to attach an expert affidavit to that complaint. Hayes voluntarily dismissed the First Suit without prejudice, and he filed a renewal suit against Grady, alleging substantially the same causes of action (the "Renewal Suit"). Hayes again failed to file an expert affidavit with the Renewal Suit.

In the Renewal Suit Hayes alleges that Grady

2

was under a contractual duty to provide reasonable and adequate healthcare to [him] consistent with existing community standards [and that Grady] breached that contractual duty to [him] by failing to perform professional services in accordance with the professional obligation of care.

Hayes also alleges that his hernia repair surgery was performed by a different doctor than the one he agreed to have perform the surgery and that, as a result, Grady failed "to execute" its contract with Hayes "as agreed." Hayes did not attach a copy of any contract between himself and Grady, and he failed to allege the terms of his alleged contract with Grady. Consequently, Grady moved to dismiss the Renewal Suit in relevant part on the grounds that Hayes failed to allege or prove the existence of a contract between himself and Grady, and that Hayes's breach of contract claim sounded in professional negligence. In response to Grady's motion to dismiss, Hayes argued, in relevant part, that his contract claim arose from an implied contract between a surgeon and himself.

The trial court granted Grady's motion to dismiss Hayes's negligence claim for failure to attach an expert affidavit, but denied Grady's motion to dismiss as to Hayes's breach of contract claim, finding that the complaint sufficiently set forth such

3

a claim. This Court granted Grady's request for interlocutory review, and Grady now appeals the denial of the motion to dismiss Hayes's breach of contract claim.

1. As an initial matter, we note that after the trial court had already dismissed the negligence claim, and after this Court granted interlocutory review, but before the appeal was docketed in this Court, Hayes filed in the trial court a motion for leave to amend the Renewal Suit to add an expert affidavit necessary for his negligence claim. Notwithstanding the fact that the filing of this motion evidences Hayes's desire to continue pursuing his negligence claim, as does the substance of his brief which focuses exclusively on the negligence claim, Hayes's motion in the trial court did not preserve review of the dismissal of the negligence claim on appeal. If Hayes wanted to continue pursuit of his dismissed negligence claim he was required to timely file a cross-appeal of that portion of the trial court's order with this Court. See *Brady v. Elevator Specialists, Inc.*, 287 Ga. App. 304, 306 (1) (653 SE2d 59) (2007) (the general rule is that a cross-appeal is required for an appellee to preserve an enumeration of error concerning an adverse ruling). His failure to do so has foreclosed our ability to review that dismissal for error. As a result, the only issue before us on appeal is whether the trial court erred in refusing to dismiss Hayes's breach of contract claim.

4

2. Grady argues that Hayes has not alleged any contract between the two of them and thus, the trial court erred in denying Grady's motion to dismiss Hayes's breach of contract claim. We agree.

> To state a claim for breach of contract, [Hayes's] complaint must generally allege a factual framework showing parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate. Each of these four essential terms must be certain. In order that it may allege an agreement, a petition must set forth a contract of such certainty and completeness that either party may have a right of action upon it.

(Footnote and citation omitted.) *Weathers v. Dieniahmar Music, LLC*, 337 Ga. App. 816, 822 (2) (788 SE2d 852) (2016).When a complaint does not allege facts showing the existence of a contractual relationship between the plaintiff and the defendant, dismissal is proper because "there is no set of provable facts within the framework alleged by the complaint that would result in [liability] for breach of contract." *Weathers*, supra, 337 Ga. App. at 822 (2) (a).

In his complaint Hayes merely alleges that Grady had a contractual duty to provide reasonable and adequate healthcare and that he did not agree to have his surgical procedure performed by a different surgeon. Although Hayes's complaint

5

makes these assertions concerning contractual breaches, the complaint fails to identify any contract or implied contract which existed between himself and Grady or to set forth the terms of any such contract. Further, in response to Grady's motion to dismiss in the trial court, Hayes claimed in his brief that

> [i]n the instant case, Mr. Hayes *(sic)* claims are tortious and an implied contract exist *(sic)* between the surgeon and Mr. Hayes; however, the surgeon Mr. Hayes had discussed performing his surgery did not perform the surgery, which was a breach of implied contract. Therefore, the contract did not need to be attached to the complaint.

Even when his complaint is construed in the light most favorable to him, in the absence of allegations of fact supporting the existence of a contract or implied contract *between Hayes and Grady* – as opposed to a contract between Hayes and some surgeon – including the terms of said contract with *Grady*, Hayes's complaint discloses with certainty that he would not be entitled to relief under any state of provable facts on the sole remaining breach of contract claim.[1] Consequently, the trial court erred in denying Grady's motion as to this claim and we reverse.

---

[1] Notably, despite the breach of contract claim being the only issue on appeal, Hayes did not address the existence of a contract in his brief on appeal.

3. In light of our holding in Division 2, we need not address Grady's argument that Hayes's breach of contract claim sounds in medical malpractice.

*Judgment reversed. Doyle, C. J., and Reese, J., concur.*