**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 24, 2025**

# In the Court of Appeals of Georgia

A25A0979. MEADE, LLC v. DEKALB REALTY HOLDING, LLC.

DILLARD, Presiding Judge.

Meade, LLC, filed a lawsuit against DeKalb Realty Holding, LLC,[1] asserting claims of breach of contract, breach of a fiduciary duty, and promissory estoppel. All of these claims are based on DRH's refusal to complete a commercial lease agreement deal for a gas station convenience store. At the conclusion of a bench trial, DRH moved to dismiss the complaint, arguing that Meade's principals never signed the personal guaranty, so no enforceable lease existed. The trial court agreed, and dismissed Meade's complaint. On appeal, Meade contends the trial court erred,

---

[1] For the sake of convenience and clarity, we refer to Meade, LLC as "Meade" and DeKalb Realty Holding, LLC as "DRH."

contending that it failed to consider the promissory-estoppel claim. For the following reasons, we vacate the trial court's order and remand the case for further proceedings.

Viewed in the light most favorable to Meade,[2] the record shows that in 2020, the principals of Meade—Sai Madugula and his wife, Meade Madugula—approached DRH about leasing a gas station and convenience store on 2228 Rosier Road in Augusta, which DRH owned. In preparation for executing the lease and operating the convenience store, the principals incurred expenses for traveling back and forth from Augusta to Atlanta (where DRH was located). They also incurred expenses in obtaining the various licenses required to sell alcohol and tobacco and install lottery equipment.

Later, on August 1, 2020, the parties entered into a commercial real estate lease agreement for the subject property. Under the lease, DRH committed to turning over possession of the property to Meade on September 1, 2020. At that point, Meade would pay DRH $1,500 per month through February 2021; and beginning on March 1, 2021, it would pay $3,000 per month through August 31, 2029. Both parties signed

---

[2] *See Roberson v. Northrup*, 302 Ga. App. 405, 405 (691 SE2d 547) (2010) (explaining that in ruling on a motion to dismiss, the trial court must "accept as true all well-[pleaded] material allegations in the complaint and must resolve any doubts in favor of the plaintiff" (punctuation omitted)).

the lease agreement. The lease included a document titled "Personal Guaranty of Payment and Performance," which—as its title implied—required Meade's principals to personally guarantee payment. But neither of Meade's principals did so.

Shortly before Meade was scheduled to take possession of the property, DRH informed it that exchanging possession was contingent on Meade allowing the installation of DRH-owned gaming and lottery machines in the convenience store. Meade objected, claiming the lease agreement included no such requirement. Still, DRH insisted on this condition precedent, and further added that Meade had not moved forward to lease a second property (as had allegedly been discussed). Ultimately, on August 25, 2020, DRH informed Meade that the lease was not valid because its principals failed to execute the personal guaranty. So, the deal fell apart, and Meade did not take possession of the property on September 1, 2020, as contemplated.

On December 28, 2020, Meade filed a lawsuit against DRH, asserting claims of breach of contract and breach of a fiduciary duty. Meade attached both the lease agreement and the personal guaranty as exhibits to the complaint. DRH filed an answer, after which the parties engaged in discovery. On February 20, 2024, the trial

court set the matter for a bench trial on May 14, 2024. And one day before it started, Meade filed an amended complaint, adding a claim for promissory estoppel—which alleged that it incurred expenses in reliance on DRH's representations.

On May 14, 2024, the bench trial began. And during the trial, both of Meade's principals testified and Meade's counsel cross-examined DRH's principal. After Meade rested its case, DRH moved to dismiss the complaint. In doing so, DRH argued there was no enforceable lease agreement because Meade's principals admittedly did not execute the personal guaranty and their damages were speculative. Then, after Meade argued in rebuttal, the trial court adjourned the trial. But before doing so, the court explained it would withhold ruling until first determining the bankruptcy status of Meade's principals.[3]

On June 11, 2024, the trial court issued an order dismissing the case. The court's order noted that Meade's December 28, 2020 complaint asserted claims of breach of contract and breach of fiduciary duty, but that the agreement was not fully executed because its principals did not sign the personal guaranty. As a result, the court held the lease was not enforceable. This appeal follows.

---

[3] Although the record includes no documentation related to the bankruptcy of Meade's principals, the parties agree it was discharged.

In its sole enumeration of error, Meade contends the trial court erred in dismissing its complaint, arguing the court failed to even consider its promissory-estoppel claim. We agree.

This Court reviews *de novo* a trial court's ruling on a motion to dismiss.[4] In doing so, we are tasked with determining "whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts."[5] But significantly, we need not "adopt a party's legal conclusions based on these facts."[6]

Turning to Meade's argument, a claim for promissory estoppel "allows enforcement of promises that would otherwise be defeated by the statute of frauds."[7]

[4] *See Dove v. Ty Cobb Healthcare Sys., Inc.*, 316 Ga. App. 7, 9 (729 SE2d 58) (2012); *see also Carson v. Brown*, 348 Ga. App. 689, 699 (2) (824 SE2d 605) (2019) (noting that we review a trial court's decision on a motion to dismiss *de novo*).

[5] *Dove*, 316 Ga. App. at 9 (punctuation omitted).

[6] *Id.* (punctuation omitted); *see Trop, Inc. v. City of Brookhaven*, 296 Ga. 85, 87 (1) (764 SE2d 398) (2014) ("While a trial court is required to consider a non-moving party's factual allegations to be true, it is not required to accept the legal conclusions the non-party suggests that those facts dictate.").

[7] *First Bank of Ga. v. Robertson Grading, Inc.*, 328 Ga. App. 236, 240 (1) (761 SE2d 628) (2014) (punctuation omitted).

In this regard, OCGA § 13-3-44 (a) provides: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of a promisee or third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." So, to prevail on a claim of promissory estoppel, the party asserting the claim must show:

> (1) [one party] made a promise or promises; (2) the [first party] should have reasonably expected the [other party] to rely on such promise; (3) the [other party] relied on such promise to [his or her] detriment; and (4) and injustice can only be avoided by the enforcement of the promise, because as a result of the reliance, [the other party] changed [his or her] position to [his or her] detriment by surrendering, forgoing, or rendering a valuable right.[8]

And because promissory estoppel is an equitable doctrine, the "third requirement is one of *reasonable* reliance[.]"[9] This means the plaintiff "relied exclusively on such promise and not on his or her own preconceived intent or knowledge; that the plaintiff

---

[8] *Healthy-IT, LLC v. Agrawal*, 343 Ga. App. 660, 669 (5) (808 SE2d 876) (2017) (punctuation omitted); *accord Reynolds v. CB&T*, 342 Ga. App. 866, 872 (3) (805 SE2d 472) (2017).

[9] *Robertson Grading*, 328 Ga. App. at 242 (1) (punctuation omitted); *see Ambrose v. Sheppard*, 241 Ga. App. 835, 837 (528 SE2d 282) (2000) ("[P]romissory estoppel requires only that the reliance by the injured party be reasonable." (emphasis and punctuation omitted)).

exercised due diligence, so as to justify such reliance as a matter of equity; and that there was nothing under the circumstances which would prevent the plaintiff from relying to his detriment."[10]

In this case, the day before the bench trial, Meade amended its complaint to include a claim for promissory estoppel and also alleged facts it contends supports such a claim. And importantly, under OCGA § 9-11-15 (a), "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." Here, because the record does not contain a pretrial order (and neither party claims such an order was ever entered), Meade was permitted to amend its complaint.[11]

Even so, in the dismissal order, it appears the trial court overlooked Meade's amended complaint and its claim for promissory estoppel. Although the court mentions the original complaint filed on December 28, 2020 (and its claims for breach

---

[10] *Robertson Grading*, 328 Ga. App. at 242 (1) (punctuation omitted); *accord DPLM, Ltd. v. J.H. Harvey, Co.*, 241 Ga. App. 219, 221-22 (1) (526 SE2d 409) (1999).

[11] *See Cochran v. White*, 269 Ga. App. 182, 183 (2) (603 SE2d 509) (2004) (explaining party had right to amend complaint when no pretrial order was entered); *Carpet Cent., Inc. v. Johnson*, 222 Ga. App. 26, 28 (4) (473 SE2d 569) (1996) (holding party was permitted to amend its complaint day of trial when no pretrial order was entered); *Keenan v. Hill*, 190 Ga. App. 108, 109 (3) (378 SE2d 344) (1989) (same).

of contract and breach of fiduciary duty), there is no reference to the May 14, 2024 amended complaint and its assertion of an additional claim for promissory estoppel. To the contrary, the court's order focuses solely on the commercial lease agreement being unenforceable because of the Meade principals' failure to sign the personal guaranty. But given that Meade's amended complaint added a claim for promissory estoppel, the trial court erred by failing to consider this amendment in determining whether to dismiss the complaint.[12] As a result, we vacate the court's dismissal order, and remand the case for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. Mercier, J., and Senior Judge C. Andrew Fuller, concur.*

---

[12] *See Houston v. Houston*, 267 Ga. App. 450, 451-52 (600 SE2d 395) (2004) (reversing trial court's dismissal of complaint given that plaintiff asserted promissory estoppel claim); *see also Med. Ctr. of Cent. Ga., Inc. v. City of Macon*, 326 Ga. App. 603, 607 (2) (757 SE2d 207) (2014) (partially vacating order granting summary judgment when trial court failed to address claims added in an amended complaint).